45  343
74  225

SHERMAN HINCKLEY IMPLEADED WITH EDWARD B. McCARD
v. WILLIAM D. HARRIMAN, PROBATE JUDGE FOR
WASHTENAW COUNTY.

*Motion to dismiss writ of error—Guardian's liability—Payment by executor
to guardian of devisee.*

Where the prevailing party neglected to enter his judgment until after the return day of a writ of error which had been taken out, but to which return had not been made, a motion to dismiss a second writ sued out after judgment was entered, was denied.

An executor intrusted with the duty of keeping a legacy for a minor heir until she was of age, paid it over to her guardian while she was still a minor. *Held* that the payment did not discharge the executor, and that if the guardian did not pay the legacy to his ward when she became of age, the executor still remained liable.

Money devised to a ward to be paid to her when she comes of age, but improperly paid over to the guardian while the ward is still a minor, is not received by him as guardian, because he has no business with it ; and he is not liable for it on his bond.

Error to Washtenaw. Submitted Jan. 12. Decided Jan. 19.

Motion to dismiss writ of error, Submitted June 8. Denied June 9.

*Joslin & Whitman* for the motion.

*J. C. Knowlton* against.

ASSUMPSIT on guardian's bond. Defendant Hinckley, impleaded as surety on the bond, brings error. Reversed.

*Sawyer & Knowlton* for plaintiff in error.   An executor cannot transfer a duty imposed upon him by the will, to the general guardian of a devisee, so as to bind the guardian's sureties: *Livermore v. Bemis* 2 Allen 394; *Allen v. Crosland* 2 Rich. Eq. 68; *Swope v. Chambers* 2 Grat. 319; *Ballard v. Brummitt* 4 Strobh. Eq. 171; Schouler's Dom. Rel. § 491.

*Joslin & Whitman* for defendant in error.

COOLEY, J.   This suit was brought in the name of the judge of probate for the use of Ella A. Dodsworth, upon the bond of McCard, who was her guardian while she was a minor.   The breach relied upon is the failure to pay over a certain sum of two hundred dollars, which the guardian received for his ward from the executors of the last will and testament of George B. Dennis deceased.

The will of Dennis under which this payment is claimed to have been made, gave to Ella A. Dodsworth, then McCard, the sum of two hundred dollars, and to other persons, also minors, other specified sums, but with provision that " the amount I bequeath [to them] is to be kept for them until they are of the age of twenty-one years."   The legacies were charged upon real estate which was devised to one of the executors.

For some unexplained reason the executors, instead of waiting until Ella became of age, paid over the sum bequeathed to her, to her guardian.   This they had no authority to do.   It was in plain disregard of the testator's intent, which was that the legatee herself should receive the money when she came of age, and that it should not be for her use or be subject to contingencies before that time, but should remain secured by the real estate.   The payment to the guardian was not, therefore, a payment which discharged the executors. ' Their duty was to pay to the legatee herself.   If the guardian paid the money to her after she came of age, such payment would be a good payment by the executors, but if he withheld it, or even used it for the support or education of the ward, the executors would still remain liable. Paying over thus without authority they assumed all risks.

It follows that this suit cannot be maintained. The moneys were not received by McCard as guardian, because as guardian he had no business with them. The moneys in his hands were moneys belonging to the Dennis estate, and were held for the executors. It is the business of the executors to account to Mrs. Dodsworth.

The judgment must be reversed with costs of all the courts.

The other Justices concurred.