CYRUS E. PERKINS, JUDGE OF PROBATE, ETC., v. NOAH TOOLEY ET AL.

*Guardian and ward—Payments by executor before time limited .in will—Liability on guardian's bond.*

A guardian is not liable upon his bond for payments made to him by an executor *before* the time limited in the will for the payment of a legacy therein bequeathed to the ward, he having no right to receive the money.

So *held*, where a father bequeathed the residue of his estate to his daughter, to be paid to her on her arriving at the age of 18 years, or at the time of her marriage, if at an earlier date, provided anything remained after payment for her care and tuition, and prior to the appointment of her uncle as her guardian the executor paid him for expenses incurred in such care and education, and after his appointment settled with him, and paid him a balance his due on account of such expenditures, and on his failure to inventory such money as a part of the ward's estate suit was brought upon his bond; and such payments are held to have been properly made by the executor, and that the guardian is not liable therefor.

Error to Kent.  (Grove, J.)  Argued February 8, 1889. Decided February 15, 1889.

Debt on guardian's bond.  Defendants bring error. Reversed, without a new trial.  The facts are stated in the opinion.

*Dennis L. Rogers (Reuben ˙Hatch*, of counsel), for appellants.

*T. Foote (Fletcher & Wanty,* of counsel), for plaintiff.

[The points of counsel are stated in the opinion.—
REPORTER.]

CHAMPLIN, J.    On July 11, 1870, Frank H. Tooley,
then of Mecosta county, Mich., made his last will and
testament, in and by which he gave to his daughter Anna,
who was then an infant, the avails of a certain mortgage.
He then gave to his mother, Polly Tooley, a legacy of
$200, to be paid out of his personal estate other than the
mortgage given to Anna—

"As a slight compensation for her care of my little
daughter Anna, and for what care she may hereafter have
and take of said daughter."

He then gave and devised all the residue of his personal
estate to his daughter Anna, and directed that all the sums
of money devised to her should be paid over to her by
his executor when she arrived at the age of 18 years, or
at the time of her marriage, if it should occur before she
arrived at the age of 18 years,—

"Provided anything shall remain out of my said estate
after paying for the care and tuition of my said daughter."

He then committed the tuition and custody of Anna
for such time as she remained unmarried and under the
age of 18 years to his mother, Polly Tooley.    And lastly
he appointed Ceylon C. Fuller sole executor of the will.

Frank H. Tooley died in 1871, and his will was duly
admitted to probate, and Ceylon C. Fuller qualified and
acted as executor.    Frank H. Tooley was 48 years of age
when he made the will in 1870, and the child Anna con-
tinued with its grandmother, Polly Tooley, who must
have been a woman of advanced years.    She resided on a
farm in Paris, Kent county, a distance of more than 60
miles from the residence of the executor.    Her son Noah

Tooley resided upon the same farm, and in the same house. The executor from time to time sent money to Polly Tooley for the care and tuition of Anna, and for clothing and board. He also paid the legacy bequeathed by the will to Polly Tooley. In 1880, the executor requested Noah Tooley to obtain the appointment of guardian for Anna, for the reason, as he states, that Polly Tooley, on account of age, had become almost *non compos mentis*, and he wished some one appointed who would be responsible, to whom he could pay money. Accordingly, Noah Tooley applied to the probate court of Kent county, and was appointed such guardian. He qualified by giving a bond, with defendants Squier and Kalmbach as sureties, and letters of guardianship were issued to him, bearing date May 21, 1880. After such appointment, and on May 27, 1880, he went to Big Rapids, and looked over the account of the executor, and they settled on that day, and there was found to be in the executor's hands $495.41, and on that day the executor handed over to said Noah Tooley as guardian for Anna the sum of $50, the purpose of which is explained by the executor as follows:

On October 21, 1872, the executor leased to Noah Tooley two cows belonging to the estate, for four years, at the expiration of which time Tooley was to return four cows of the same age and kind to Fuller for the use of the two cows four years. At the end of the four years, or on September 15, 1876, the executor and Tooley had a settlement, and the executor sold the two cows to Noah Tooley for $100, and charged the amount to him. Tooley was—

"To pay up the doctor's bills of Anna Tooley, etc., and bring in his account at some future time."

On May 27, 1880, the whole matter of the cow trans-

action, and the claim of Tooley for the care and expenses of Anna Tooley, was settled in consideration of said cows and $50 cash paid by the executor that day, which is the same $50 above referred to. Nothing has come to the hands of Noah Tooley since May 27, 1880.

On November 28, 1887, he was cited by the probate court of Kent county to appear and file an inventory and account. He appeared, but declined to file an inventory or account, for the reason that the property he had received was received under such circumstances that he did not hold himself bound by it, as guardian, to render any account. He was then removed, and another guardian appointed, who obtained leave to sue the bond filed by the guardian, and this suit was brought. A bill of particulars of the plaintiff's claim was filed, and a recovery was limited to the following items of the bill:

1871.

June 5. To this amount received of the estate of Frank H. Tooley, by the hand of C. C. Fuller, executor, $24 00

1876.

Sept. 15. To this amount received on the sale of cows..... 100 00

1880.

May 27. To this amount received of said executor......... 50 00

$174 00

The testimony respecting these items was as follows: C. C. Fuller, the executor, was placed upon the stand, and testified that a receipt which was shown him was in Noah Tooley's handwriting. The receipt reads as follows:

"$24.

"Received twenty-four dollars of C. C. Fuller, executor of the last will of F. H. Tooley, deceased.

"*Big Rapids, June* 5, 1871. POLLY TOOLEY,

"By Noah Tooley."

Concerning this receipt he testified:

"I have no recollection of that transaction only from the paper. It is signed 'Polly Tooley, by Noah Tooley,' and it is in Noah Tooley's handwriting.

"*Q.* You don't know that you paid that?

"*A.* I don't remember the transaction, only from the paper.

"*Q.* Did Polly Tooley ever come to Big Rapids?

"*A.* Not that I know of.

"*Q.* And this is dated at Big Rapids?     .

"*A.* Yes, sir."

On cross-examination he testified that he sent some of the money by mail, and he thought he sent the money mentioned in the above receipt by mail, and he presumes he sent the moneys by mail to Polly Tooley; that Anna was living with her grandmother up to the time of the settlement, May 27, 1880. He also testified that his recollection was that the $24 item was a remittance by draft, and that his best recollection was that all of the remittances were made in the name of Polly Tooley. On further cross-examination he testified that the body of the receipt was in his own handwriting, and the words "Polly Tooley," signed thereto, were in Eben Smith's handwriting, and the words "By Noah Tooley" were in Noah Tooley's handwriting. This is all the testimony introduced tending to prove the receipt of this item of $24 by the defendant Noah Tooley. If it proves anything it proves that Polly Tooley received this money, but there is not a *scintilla* of evidence that Noah Tooley received it, and the court should have so told the jury. It no more tended to prove that Noah Tooley received the money than it did that Eben Smith received it.

The circumstances under which the $100 and the $50 items arose have been stated above. In addition, it may be said that the executor testified that he paid the $50 to Noah Tooley towards the care and support of Anna Tooley, as he so understood it at the time; and that it also appears that such care and support had already been furnished by Noah Tooley; and that the $100 was for the doctor's bill, and support of Anna Tooley. These sums

were not paid to Mr. Tooley by the executor in his character of guardian, but under the agreement made with him in September, 1876. They were proper payments for the executor to make, and were as valid as if the executor had made them to the doctor, or to any third person for the nurture and support of the child Anna.

When objection was made to proof of items which it was claimed Noah Tooley had received from the executor because they were payments made before the child Anna was 18, the following admission was made by counsel for plaintiff:

"We will admit she was under the age of 18, and unmarried; that whatever payments of money were made they were all made before the defendant was appointed guardian, before the bond on which suit is brought was executed, excepting the last payment of $50; that these payments were all made before the ward was 18 years old, and before she was married."

Under this admission, the counsel for defendants contend that no recovery can be had for such items under the decision of this Court in the case of *Hinckley v. Probate Judge*, 45 Mich. 343 (7 N. W. Rep. 907). Counsel for plaintiff insist that this case is distinguishable from that in the fact that in the Hinckley case the money was not to be paid over until the minor had reached 21, and then her receipt would have been a sufficient voucher; while in this case the payment was to be made when she arrived at the age of 18, and, as she would still be a minor, no payment over could be made to her, but a guardian would be required, to whom payment could legally be made. In this respect there is a distinction as to the period of payment, but there is no dictinction in the principle which should be applied to any payments made by the executor prior to the time when the will requires payment of the legacy to be made.

As these payments sued for were all made before the legatee was 18 years old, and before she was married, we think the case of *Hinckley v. Probate Judge* is decisive of this case, and that no recovery of the items sued for can be had in a suit upon the bond.

If the plaintiff had shown that any property had come to the possession or control of Noah Tooley belonging to the estate of his ward, Anna Tooley, and he had neglected to file an inventory, or render an account thereof, an action could be maintained upon the bond. But no part of the specific legacy is shown to have come to his hands, and the residue was subject to the contingency that anything should remain after paying for the care and tuition of the testator's daughter Anna. Any money or property other than the specific legacy paid or applied by the executor for the care and tuition of the child was no part of the residue, and constituted no part of her estate.

It follows that the judgment must be reversed, with costs of both courts, and no new trial will be granted.

MORSE, CAMPBELL, and LONG, JJ., concurred. SHERWOOD, C. J. did not sit.