## Patrick Finn v. Daniel E. Corbitt.

*Assignment: Right of action in tort.* The right of action in tort for taking and converting personal property, or for injury to one's estate, and generally all such rights of action for tort as would survive to the personal represenatives, may be assigned so as to pass an interest to the assignee which may be enforced in a court of law; but. the right of action for a tort is not in general the subject of assignment.

*Trespass: Assignee: Presumptions.* And in an action upon a judgment in trespass by one who claims as assignee before judgment of the right of action, and of the judgment which might be recovered thereon, the record not showing the nature of the cause .of action so assigned, it will not be assumed it was an assignable one, for the purpose of imputing error in the rulings and judgment of the trial court.

*Judgment: Assignment: Set-off: Notice.* An assignee of a judgment takes subject to any matters of set-off existing in favor of the judgment debtor against the assignor, up to such time as such debtor has notice of the assignment.

*Submitted on briefs April 12.   Decided April 18.*

Error to Superior Court of Detroit.

*J. A. Fairfield,* for plaintiff in error.

*D. E. Corbitt,* in person, for defendant in error.

MARSTON, J :

Corbitt brought an action against Finn upon a judgment recovered in the Kent circuit court against Finn and in favor of Levi Husband, for the damages he, Husband, had sustained by reason of certain trespass upon the rights and property of said Husband.   He also set forth in his declaration that before the rendition of said judgment, the plaintiff therein had sold and assigned "his right of action and claim for recovery of damages against the said defendant for said trespass" and the judgment that was afterwards rendered therein, to the plaintiff in this suit.

The defendant pleaded the general issue and gave notice of set-off.

Upon the trial plaintiff introduced in evidence the rec-

ord of said judgment and also an assignment as set forth in the declaration. The plaintiff also gave evidence showing notice to defendant of the assignment of said judgment, two or three days after the rendition thereof, and rested.

The defendant then introduced evidence tending to show that both before and after the rendition of said judgment he had and held claims against the plaintiff therein which would have been proper matters of set-off against said judgment.

The court instructed the jury in case they should find "that the cause of action was assigned to Mr. Corbitt for value received, before the rendition of the judgment, if you find at the time the judgment was rendered it was the property of Mr. Corbitt, then the court instructs you there was no set off."

The position taken by counsel for defendant in error is, that the action being trespass, no set off was then admissible, and that so soon as the judgment was rendered, it was his, defendant in error's, property, so that "there was never one moment's time that it was the subject matter of set-off while owned by Husband."

This court has heretofore held that torts for taking and converting personal property or for injury to one's estate, and generally all such rights of action for tort as would survive to the personal representatives, might be assigned so as to pass an interest to the assignee which could be enforced in a court of law.—*Final v. Backus, 18 Mich., 231.* It was also recognized in the same case as a general rule, that the right of action for a tort is not the subject of assignment. The action brought by Husband against Finn, and which he afterwards assigned to Corbitt, was one of trespass. The record does not show the particulars or nature of the claim out of which his cause of action arose. It does not show that there was anything which could have been the subject of assignment.

Husband also assigned any judgment that he might ob-

tain against Finn, but notice of this assignment was not given to Finn for some days after the judgment was obtained. Until such notice was actually given to Finn, any offset which he then had against the judgment creditor, could be used against the assignee in an action brought upon the judgment.—§ *5796, Compiled Laws.*

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.