GODFREY KALMBACH v. THADDEUS FOOTE.

[See 74 Mich. 220.]

*Payment of judgment—Reversal on error—Recovery of amount paid.*

Money paid upon a judgment, under threat of execution levy, which is afterwards reversed on error, is recoverable back from the party receiving it and appropriating it to his own use.

So *held*, where a judgment was obtained on a guardian's bond, and the attorney who represented the judge of probate in the suit, before the removal of the judgment to the Supreme Court, went to the surety on the bond, and threatened to levy on his property unless the surety paid a debt due on the purchase of a piano by the attorney, as he claimed for the ward, but which sale was made to him absolutely; whereupon the surety paid the debt, and gave the attorney his note for the balance of the judgment, which the attorney discounted on his personal account, and which the surety paid, and on the reversal of the judgment sued the attorney to recover back the money paid.

Error to Kent. (Burch, J.) Argued January 10, 1890. Decided January 17, 1890.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Earle & Hyde,* for appellant.

*Fletcher & Wanty,* for defendant.

CAMPBELL, J. This suit was brought to recover back money paid without consideration.

It appears that plaintiff had been a surety on a guardian's bond for Noah Tooley, guardian of Anna Tooley, and judgment was obtained against them on the guardian's bond, which was reversed by this Court, February

15, 1889.[1] Before the case was removed to this Court, defendant, who seems to have had or assumed control of the judgment, came with the sheriff to plaintiff's store on November 14, 1888, and told him he was going to levy on Tooley's property, which is shown to have been ample, and told him, unless he fixed the matter with Friedrich, he would have to levy on plaintiff's store. The Friedrich matter was the price of a piano charged to defendant personally by Friedrich, which seems to have been used by Miss Tooley, but which was sold to defendant absolutely. After some parley, plaintiff went with defendant to Friedrich, and assumed and paid the debt. At the same time he gave defendant a note for the remainder of the amount of the judgment and costs, payable to defendant's order individually. This note was discounted for defendant at bank, and paid by plaintiff.

The only defense much relied on at the argument was that plaintiff's resort should have been to Miss Tooley. But we do not think that, under the circumstances, this was necessary; and it must have been difficult for plaintiff to follow out the fund, if she ever got it, which is not shown. The money paid by plaintiff was in part on defendant's individual debt, on which Miss Tooley was not shown to be liable, whatever claim defendant might have for re-imbursement. The note was paid to defendant's individual order. It was not justifiable to resort to threats of levy on a surety's property when no one doubted the complete ability of the principal to meet an execution. But, as the judgment was reversed, the money was recoverable back at any rate; and we can see no reason why, where it went to the individual purposes of defendant, he should not make it good. The purchase of the

---

[1] See *Perkins v. Tooley*, 74 Mich. 220.

piano could not have been in his professional character, as attorney for the judge of probate, or for Miss Tooley; and the discounting of the paper did not profess to be for any such purpose, or to have been at Miss Tooley's request, or for her benefit. Defendant got the money for both purposes himself, and upon this record there is no reason shown why he should not refund it.

Judgment should be reversed, with costs, and a new trial granted.

The other Justices concurred.