GODFREY KALMBACH v. THADDEUS FOOTE.

[See 79 Mich. 236.]

*Execution—Voluntary payment—Reversal of judgment on appeal.*

1. Plaintiff sued defendant to recover the amount of a judgment
   rendered against him, as surety upon a guardian's bond, which
   he had paid to defendant, who was the attorney for the ward
   in prosecuting the suit, under a threatened levy of execution,
   as he claims, which judgment was afterwards reversed on
   appeal. The jury found by their verdict under the questions
   submitted that the defendant did not know of the principal's
   intention to appeal the suit when he went with the sheriff to
   collect the execution, nor when he afterwards accounted to
   the ward for the avails of the judgment, and that he made
   no misrepresentations to the plaintiff at the time of such pay-
   ment; and the judgment in favor of the defendant is affirmed.
2. The failure of an execution issued upon a judgment upon a
   guardian's bond to state that it is for the use of the ward, as
   provided by How. Stat. § 5998, cannot be urged by the defend-
   ant in the execution where no levy is made, and the money is
   voluntarily paid.

Error to Kent. (Burch, J.) Argued May 6, 1891.
Decided June 5, 1891.

*Assumpsit.* Plaintiff brings error. Affirmed. The
facts are stated in the opinion, and in 79 Mich. 236.

*Earle & Hyde,* for appellant, contended:

1. If a guardian brings or defends a suit when his ward has no
   assets, he becomes personally liable for all costs, and in this
   case is liable for all that plaintiff paid; citing 3 Wms. Exr's,
   1979; and if an executor deliver all of the estate to the heir or
   next of kin or one creditor, leaving other debts unpaid, it is a
   *devastavit,* and he is personally liable; citing Id. 1798 (note *p*);
   *Cobb v. Muzzey,* 13 Gray, 58, 59; *McNair v. Ragland,* 1 Dev.
   Eq. 516; and this must be true of any trustee, and is true of
   this defendant, who brought the action ill-advisedly upon his

personal liability, having no assets of his ward, and taking his chances on the result. He received plaintiff's payments in his own right, and applied them in payment of his own debts.

*Fletcher & Wanty*, for defendant.

McGRATH, J. This is the second time that this case has been before this Court. 79 Mich. 236. The jury found for defendant, and plaintiff again appeals.

The questions submitted to the jury were:

1. Did defendant know when he went with the sheriff to plaintiff that Tooley intended to appeal the case in which the execution was issued.

2. Did he make any misrepresentations to plaintiff?

3. Did defendant ascertain, before he accounted to Anna Tooley for the proceeds of the note, that the original suit was to be appealed?

4. Was the defendant personally liable to Friedrich for the price of the piano which Anna Tooley had in her possession?

5. Did the defendant account to Anna Tooley for the avails of the execution before he had knowledge of the intention to appeal the original suit, and had she received the benefit of these avails?

These questions have been answered by the verdict of the jury in defendant's favor.

Defendant's claim was that the piano was in fact rented from Friedrich, with the understanding that, if purchased, the rent would be allowed upon the purchase, and, when rented, it was expected that it would be bought, if at all, with the moneys coming from this very suit, and that defendant was not personally liable to Friedrich; that no threats were made by defendant or the sheriff to plaintiff; that plaintiff assumed to pay for the piano and gave the note as the most convenient method of paying the judgment; that defendant, on the evening of the day upon which he received the note, saw Anna Tooley, and turned over to her plaintiff's agreement to pay for the

86 MICH—16.

piano, and exhibited to her the note which he had received, and Anna Tooley instructed him, out of the proceeds of the note, to pay a Mr. Post the sum of $45, which she was indebted for tuition, to pay the insurance upon the piano, to reimburse himself for certain amounts which he had paid in her behalf, and to pay her the sum of $20, which he did, leaving nothing in his hands, charging nothing for his own services, and accounting to her for all the moneys received, including attorney's fees; that before the note was given by plaintiff to defendant, and before plaintiff had assumed to pay for the piano, plaintiff consulted with his attorney with regard to the same, and said attorney drew up the note in question, and the assignment to himself of the judgment, which assignment defendant executed and delivered, and immediately afterwards the sheriff, by direction of plaintiff herein, made a levy upon the property of Noah Tooley.  In the present case it is found by the verdict that Anna Tooley received the benefit of the fund; that it did not go to the individual purposes of the defendant, and the discounting of the note is found to have been for Miss Tooley's benefit.

We think that these questions upon which the case turned were fairly submitted to the jury, under clear and explicit instructions from the court.

Error is assigned upon the admission of certain testimony, but, from the careful examination of the record, it does not appear that plaintiff was prejudiced thereby.

It is claimed by plaintiff that the execution affords defendant no protection, for the reason that the form of the execution did not comply with the statute, which is as follows:

"In all suits upon such bonds, the writ and proceedings shall be in the name of the judge of probate, and, when the action is brought for the benefit of any par-

ticular person as creditor, next of kin, or legatee, as provided in this chapter, *the execution shall express' that it is for the use of such creditor, next of kin, or legatee,* and in such. case the person for whose use the action is brought shall be deemed the ' plaintiff." How. Stat. § 5998.

The execution did not express the fact that it was "for the use of Anna Tooley," but this defect would not avail plaintiff in any case where no levy was made, and the ' money was voluntarily paid, and it cannot avail him here. The defendant in the execution was fully aware of ' the suit in which he paid the money, and the payment must be regarded as voluntary.

The judgment is therefore affirmed, with costs to defendant.

The other Justices concurred.