# APRIL TERM, 1892.

HENRY B. BENNETT AND NORMAN H. WILLIAMS v.
JAMES HANLEY, SHERIFF OF WAYNE COUNTY.

[See 82 Mich. 449.]

*Assignment of judgment—Execution against surety—Set-off.*

1. A plaintiff, on the day on which he recovered a judgment in
   the circuit court, assigned it, as also his claim against the
   defendants, to his attorney in payment for his services, and
   to apply on other indebtedness. The judgment was reversed
   in the Supreme Court, and on a second trial the plaintiff
   again prevailed. An execution was issued on the second
   judgment, and the defendants requested the sheriff to whom
   it was delivered to set off against it an execution in their
   favor for the costs awarded them in the Supreme Court, which
   he refused to do. And it is held that the attorney took the
   assignment knowing that the judgment was liable to be
   reversed, and was, at the time of such reversal, the real
   plaintiff in the suit, and ought equitably to pay the costs
   of such reversal; and a *mandamus* is granted to compel the set-
   off of defendant's execution.

2. The fact that the judgment in the circuit court was also ren-
   dered against a surety, the case having been appealed from
   justice's court, will not prevent such set-off; citing *Peirce v.
   Bent,* 69 Me. 381.

*Mandamus.* Submitted April 5, 1892. Granted April
7, 1892.

Relators applied for *mandamus* to compel the set-off

143

of an execution, etc. The facts are stated in the opinion.

*Barbour & Rexford,* for relators.

*William S. Sheeran,* for respondent.

PER CURIAM. George W. Williams sued the relators before a justice of the peace, and had judgment. Relators appealed to the circuit court, Frank L. Albertson being surety on their appeal-bond. Williams recovered judgment in the circuit February 13, 1890. Relators came to this Court on error, and the judgment was reversed, October 10, 1890, and costs to the amount of $47.44 were awarded them against Williams. The cause was remanded to the circuit, and upon another trial, on the 21st day of November, 1891, Williams again had judgment against relators, for the sum of $132.84, and also against said Albertson as surety. Costs were taxed at $63.15. Execution on this judgment was issued and placed in the hands of respondent. Relators had execution for the costs adjudged in the Supreme Court, and requested the sheriff to set the same off against the execution in his hands against them, which he refused to do for two reasons:

1. That the cause of action of Williams had been assigned to Seth E. Engle, February 13, 1890.
2. That the execution from the circuit court runs against relators and Albertson, and not against the relators alone, and the execution from the Supreme Court is in favor of the relators alone, and is therefore not the subject of set-off against the circuit court execution, under the statute. Subdivision 4, § 7710, How. Stat.

It is shown by the respondent's return, and affidavits attached thereto, that Williams on the 15th day of July, 1889, assigned the judgment taken in justice's court to Engle, and again on the 13th of February, 1890, assigned to him the judgment recovered in the circuit court, and

also his claim against relators. Some time in November, 1891, he confirmed his former assignments by an instrument in writing, which set out that the assignments were made in payment of Engle's services as attorney, and to "apply in part on payment of a note he holds against me for money loaned to me before this suit was brought." Relators have paid to the sheriff, under protest, the amount of the circuit court execution.

It appears that the assignment to Mr. Engle was of the claim of Williams against relators, and was made before the reversal of the circuit court judgment in this Court. At the time of such reversal, therefore, Mr. Engle was the real plaintiff in the suit, and equitably the costs ought to be satisfied by him, and there is no hardship in setting the same off against the circuit court execution, even if he is a *bona fide* assignee. He took the assignment of the judgment knowing that it was liable to be reversed, and stands in no better position than the assignor. *Northam v. Gordon*, 23 Cal. 255. Subdivision 2, § 7710, How. Stat., providing that set-off shall not be allowed when the sum due on the first execution has been lawfully and in good faith assigned to another person before the creditor in the second execution became entitled to the sum due thereon, does not apply in such a case as this.

The fact that the judgment in the circuit court is also against the surety does not prevent the set-off. *Peirce v. Bent*, 69 Me. 381.

The writ of *mandamus* will issue to the respondent, commanding him to set off relators' execution against the circuit court execution, and to refund to relators the amount of their said execution, with interest, as prayed in relators' petition.

No costs will be allowed upon this motion.