ALLARDYCE v. DART.

1. Parties—Real Party in Interest—Discharge of Debt.

The statute requiring the real party in interest to sue does not exclude the holder of the legal title or right from suing in his own name if he can legally discharge the debtor, and satisfaction of the judgment rendered would discharge the defendant although the amount recovered is for the benefit of another (3 Comp. Laws 1929, § 14010).

2. Assignments—Definition.

An assignment has been defined as a transfer or setting over of property or of some right or interest therein from one person to another and unless qualified is properly the transfer of one's whole interest in an estate, or chattel, or other thing; and has also been defined as a manifestation to another person by the owner of the right indicating his intention to transfer, without further action or manifestation of intention, the right to such other person or to a third person.

3. Brokers—Authorization to Pay Commission to Another—Assignments—Real Party in Interest.

Under contract for finder's commission covering sale of 267,000 shares of stock of which securities commission later approved only 150,000 shares, on which defendants had agreed to pay 1½ cents a share to plaintiff, his agreement executed the same day authorizing defendant to pay one not a party to the action the first $2,500 from finder's commission but not giving such other person the right to recover such sum did not constitute an assignment; hence plaintiff was the real party in interest (3 Comp. Laws 1929, § 14010).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 10, 1939. (Docket No. 95, Calendar No. 40,609.) Decided December 20, 1939.

Assumpsit by George Allardyce against Harry A. Dart, Meyer Steinberg, and Abraham Koven, co-

partners doing business as Dart & Company, and
H. A. Dart and Abe Koven (*alias* Abraham Koven),
copartners doing business as H. A. Dart & Company,
jointly and severally, for sums due for finder's com-
missions on shares of stock sold.   Judgment for
plaintiff.   Defendants appeal.   Affirmed.

*Rice, Wicklund & Sillman,* for plaintiff.

*David I. Hubar (Milton M. Maddin* and *Sidney C.
Bernstein,* of counsel), for defendants.

BUSHNELL, J.   Defendant Dart & Company, a co-
partnership, agreed in writing on May 27, 1936, to
pay plaintiff Allardyce a finder's commission of one
and one-half cents for every share of common stock
of the McBrayer Springs Distillery, Inc., that might
be sold by them under their contract with that com-
pany if, as, and when the issue was validated for
sale by the Michigan corporation and securities com-
mission.   This contract covered the sale of 267,000
shares, but the securities commission approved the
sale of only 150,000 shares.   On the same day that
Allardyce obtained his written promise from Dart &
Company, he and John C. Gray, who is not a party
to this litigation, executed an agreement which reads
as follows:

"Whereas the said George Allardyce agrees to
give the said John C. Gray $2,500 out of commission
received from finder's fee as set forth in letter from
Dart & Company addressed to George Allardyce
dated May 27, 1936, it is mutually agreed between
the parties hereto that the first $2,500 so received by
the said George Allardyce shall be given to John C.
Gray and the said George Allardyce hereby gives the
said Dart & Company authority to issue a check to
John C. Gray in that amount."

Plaintiff sued defendants in assumpsit and his declaration was met by a joint and several answer containing a general denial and raising the affirmative defenses of failure of consideration and fraudulent misrepresentation and that plaintiff was not the real party in interest.

In a trial before the court, sitting without a jury, plaintiff had judgment against defendants in the sum of $2,074, plus interest and costs.

The question of "real party in interest" arises out of the statute, 3 Comp. Laws 1929, § 14010 (Stat. Ann. § 27.654), which reads in part:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought."

Defendants say the trial court erred in holding that the quoted "Allardyce-Gray" instrument was not an assignment. In *Barak v. Detroit Apartments Corp.,* 232 Mich. 59, 61, the rule found in 20 R. C. L. p. 666, which is as follows, was quoted:

"This (statute requiring the real party in interest to sue) is not to be understood, however, as excluding one holding the legal title or right from suing in his own name. Such person may sue as the real party in interest, if he can legally discharge the debtor, and the satisfaction of the judgment rendered will discharge the defendant, although the amount recovered is for the benefit of another."

In 4 Am. Jur. p. 229, an assignment in law is defined as "A transfer or setting over of property, or of some right or interest therein, from one person

to another, and unless in some way qualified, it is properly the transfer of one's whole interest in an estate, or chattel, or other thing. It is the act by which one person transfers to another, or causes to vest in another, his right of property or interest therein."

The American Law Institute has defined an assignment of a right in its Restatement of the Law of Contracts, p. 171, § 149 (1), as "A manifestation to another person by the owner of the right indicating his intention to transfer, without further action or manifestation of intention, the right to such other person or to a third person."

This court has defined the word "assignment" in the language of Webster as meaning "to transfer or make over to another;" and in the language of Burrill's Law Dictionary as "to make over or set over to another; to transfer." *Aultman, Miller & Co.* v. *Sloan*, 115 Mich. 151, 153.

What is it that was set over or transferred to Gray by Allardyce? Allardyce had a written undertaking by Dart & Company to pay him one and one-half cents on each share of the distillery stock sold by Dart & Company. Dart & Company on the same day had an agreement with the distillery corporation in which it indicated a desire to sell 267,000 shares of its stock. If the sale of all this stock were validated by the commission and Dart & Company paid Allardyce one and one-half cents on each share, he would have received $4,005. The trial court held that the finder's commission due Allardyce from defendants amounted to $2,250. The language of the Allardyce-Gray agreement did not give Gray the right to recover the commission but did authorize Dart & Company to pay Gray when, as and if moneys were due Allardyce, all of such moneys up to and including the first $2,500. Such a written order cannot be held to

be an assignment, and the court was correct in holding that Allardyce, and not Gray, was the real party in interest.

The record supports the finding of the trial judge that there was no failure of consideration in the premises or any fraudulent misrepresentation by Allardyce. The judgment is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.