## WHITLEY v. TESSMAN.

1. VENDOR AND PURCHASER—ACCEPTANCE OF PAST-DUE PAYMENTS—WAIVER OF DEFAULT.

Vendors who accepted payments under a land contract long after they had become due waived such dereliction in compliance with the contract.

2. SAME—CONSENT TO ASSIGNMENT—ACCEPTANCE OF PAST-DUE PAYMENTS FROM ASSIGNEE.

Acceptance of past-due payments from assignee of vendee under a land contract constitutes consent to the assign-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5]  55 Am. Jur., Vendor and Purchaser, § 119.
[1, 5]  Vendor's acceptance of payment tendered after time specified as waiver of provision making time of essence of contract. 9 A.L.R. 996.
[2, 4]  55 Am. Jur., Vendor and Purchaser, § 436.
[3]  55 Am. Jur., Vendor and Purchaser, § 407.
[6]  49 Am. Jur., Specific Performance, § 142.
[6]  Doctrine of part performance in suits for specific performance of parol contract to convey real property. 101 A.L.R. 923.
[8]  3 Am. Jur., Appeal and Error, §§ 699, 706.
[9]  49 Am. Jur., Specific Performance, §§ 143, 146, 161.

ment, although such assignment had not been approved by the vendor in writing as provided for by the contract.

3. SAME—GRANTEES OF VENDOR—KNOWLEDGE OF ASSIGNMENT.

Grantees of vendors of latter's interest in premises, who took the property expressly subject to the land contract are chargeable with the same knowledge possessed by the grantors with respect to assignment of the vendee interest.

4. SPECIFIC PERFORMANCE—MUTUALITY OF REMEDY—CONSENT TO ASSIGNMENT.

Assignee of vendee interest under a land contract would not be denied specific performance against grantees of vendor interest on ground that there was no mutuality of remedy and obligations entitling plaintiff to specific performance because the assignment had not been approved in writing by the vendors, where it appears that payments, long past due, had been accepted by the vendors from the assignee, thereby consenting to the assignment.

5. VENDOR AND PURCHASER—TIME OF ESSENCE OF CONTRACT—WAIVER—ACCEPTANCE OF PAST-DUE PAYMENTS.

Acceptance of payments without regard to the terms of the land contract under which they were made, waived the provision as to time being of the essence of the contract.

6. SPECIFIC PERFORMANCE—LACHES—CHANGE OF POSITION.

Where defendants in suit for specific performance of land contract knew of the assignment of the vendee interest to plaintiff and of his tardiness in making payments at time of acquiring the vendor interest, assignee offered to pay the balance due immediately after defendants acquired their interest, the assignee would not be guilty of laches, where it does not appear that the defendants have changed their position since acquiring the vendor interest.

7. SAME—CLEAN HANDS—FRAUD—EVIDENCE.

In suit for specific performance. the defendants' claim that plaintiff did not come into court with clean hands with respect to his acquisition of the vendee interest was not tenable where there is no showing that either defendants or anyone else had been defrauded, and fraud claimed arose out of events which took place years prior to defendants' acquiring any interest in the property.

8. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STATEMENT OF QUESTIONS INVOLVED.

Objection at hearing that plaintiff was not the real party in

interest, which had been abandoned in the statement of the questions involved, is not discussed on appeal.

9. SPECIFIC PERFORMANCE—PAYMENT OF BALANCE DUE.
   Specific performance of land contract, sought by assignee of vendee interest against grantees of vendor interest *held,* to have been proper, where plaintiff offered payment of balance found due soon after defendants acquired their interest and renewed the offer in the bill of complaint.

Appeal from Mackinac; Waller (Ward I.), J. Submitted January 7, 1949. (Docket No. 57, Calendar No. 44,258.) Decided April 11, 1949.

Bill by Bernard Whitley against Simon A. Tessman and wife for specific performance of a written contract to sell real estate. Decree for plaintiff. Defendants appeal. Affirmed.

*Moll, Desenberg & Purdy,* for plaintiff.

*Cobb & Nielsen,* for defendants.

BUTZEL, J. Bernard Whitley, plaintiff and appellee, filed a bill in chancery for the specific performance of a land contract and to enjoin an action in ejectment brought by the defendants herein to quiet their title to the land. On August 6, 1936, Henry H. Masten, a single man, and William F. Mahar and Carol L. Mahar, his wife, as vendors, entered into a contract to sell to V. H. Thornburgh 5 lots in the township of Garfield, Mackinac county, Michigan, containing about 171.60 acres. The consideration named was $5,000, of which $500 was paid at the time the contract was executed and the balance, together with interest, was payable in annual payments of $500, the entire balance becoming due and payable on or before January 1, 1945. The contract contained a provision forbidding assignment by the vendee without the written consent of the vendors,

and also stating that time was of the essence. The sale was negotiated by one J. B. Whitley, the father of the plaintiff, with whom the vendors had their dealings. Numerous payments of principal and interest, aggregating $4,227.30, were made upon this contract and accepted by the vendors. The payments were never timely made in accordance with the exact terms of the contract, but the vendors obviously waived such compliance by accepting them when long past due. In 1942, Masten and wife deeded their interest in the property to Mahar and wife. Mahar and wife, by warranty deed dated April 24, 1947, and recorded shortly thereafter, conveyed the property to the defendants and appellants, Simon A. Tessman and Esther K. Tessman, his wife, herein referred to as defendants. The deed stated that it was subject to the contract given by Masten and Mahars to Thornburgh.

Plaintiff alleges that the contract was assigned to him by Thornburgh, and that the vendors knew of the assignment though their written consent was not obtained; that he was the real owner of the vendee's interest since the date of the contract although the formal assignment was not executed until June 3, 1940; that 2 parcels of land were released from the contract at his request and deeds given by him to purchasers thereof, one being to the defendants herein. Plaintiff further alleges that in 1947, shortly after the defendants had purchased the vendors' interest, the plaintiff notified them that he desired and was prepared to pay the balance due for principal and interest on the contract upon delivery of a deed conveying merchantable title, but that the defendants through their attorneys refused to tender such deed or to recognize any interest of the plaintiff in the property by the assignment to him of the vendee's interest or otherwise; that the defendants had instituted an ejectment suit in the circuit court

for the county of Mackinac against Thornburgh and John B. Whitley. Plaintiff in his bill offers to pay such amount as is determined to be due on the contract and seeks the relief hereinbefore stated.

Defendants in their answer deny that plaintiff had any interest in the property and allege that Thornburgh lost all interest through his defaults. They contend that the assignment by Thornburgh to plaintiff was void and not enforceable against the defendants as they had no notice thereof, nor did the original vendors consent thereto in writing. They further claim that plaintiff is not entitled to specific performance as there is no mutuality of remedy or obligation, that due to the delay and default of the vendee plaintiff had lost any rights he had in the contract. They allege that plaintiff or his father, J. B. Whitley, was the agent of the Lansing Hiawatha Development Company and the Hiawatha Sportsman's Club, which were developing land in the vicinity of this land and were interested in purchasing it; that J. B. Whitley had defrauded those two companies in obtaining the contract to the property in the name of Thornburgh and having it assigned to plaintiff; that due to the fraud the plaintiff was not entitled to equitable relief as he did not come into court with "clean hands."

The trial judge found the facts essentially as alleged by the plaintiff and granted the plaintiff the relief asked for. It was decreed that the plaintiff was entitled to a deed upon payment of $2,590.73, the amount stipulated by the parties to be still due on July 28, 1947, and, also, that the proceedings in ejectment be enjoined. Defendants have appealed.

Defendants claim that there was no mutuality of remedy and obligations entitling plaintiff to specific performance. They principally rely upon the fact that neither defendants nor the grantors had ever received a formal assumption of the contract by the

plaintiff nor had notice of the assignment to the plaintiff by the vendee named in the contract. There can be no question that the original grantors received and accepted large payments on the contract from the plaintiff or his father and knew Thornburgh had no real interest in the property. Though there was no consent to the assignment nor formal notice of the assignment proven, one of the exhibits was a notice of intention to declare a forfeiture for default in payments, dated October 20, 1942, and addressed to Bernard Whitley, assignee of V. H. Thornburgh, and signed by the original vendors. Also, in 1944, not long after Mahar had purchased the interest of the Mastens in the contract and became the owner thereof, he wrote to the attorneys for J. B. Whitley that he would accept $400 they had on deposit as a payment on the contract. There was a further payment of $500 on the contract as late as May 23, 1946, or less than a year prior to the time that Mahar and wife deeded the property to defendants. The record shows that the original vendors knew of the assignment to plaintiff and further consented thereto by accepting past-due payments on the contract. As the defendants took the property expressly subject to the contract they are chargeable with the same knowledge possessed by their grantors, 2 of the original vendors. From the evidence it is evident they knew of the interest of the plaintiff, as they had accepted a deed from him for a parcel of land released from the contract in 1937. There is no basis to the claim of lack of mutuality on these facts.

As to the claim that the plaintiff or his assignee had lost all interest in the contract by the defaults and laches, the acceptance of the payments without regard to the terms of the contract waived the provision as to time being of the essence of the contract. Clearly defendants' grantors did not consider the

contract abandoned as they accepted payments thereon within a year of the assignment of their equity to the defendants. There can be no claim of laches on the part of plaintiff as the defendants had knowledge of the state of the contract at the time they took a deed to the property and have not changed their position since. The plaintiff notified them of this offer to pay the balance due immediately after they acquired their interest. It was shown that the property had increased greatly in value since the date of the contract and was worth as much as $15,000, however, none of this increase occurred after the defendants acquired their interest in the property. Revenue stamps placed on the deed from the Mahars to defendants showed that the consideration was about $2,500, approximately the value of the equity that the vendors still had in the property. It was further shown that plaintiff's father, J. B. Whitley, acted for him while he was away in the armed service. The lower court properly dismissed this claim.

Defendants further claim that the actions of plaintiff were so fraudulent in the obtaining of this contract that under the "clean hands" doctrine he has no standing in a court of equity. However, it is not alleged that any fraud was practiced on them or that anyone else had complained of the fraud. This alleged fraud consists of the dealings of J. B. Whitley with the Hiawatha Development Company. While the names of Bernard Whitley and J. B. Whitley appear interchangeably at times in the record, testimony is quite positive that J. B. was acting for Bernard as to this property and no one was defrauded thereby. It is true that the Hiawatha Development Company considered the purchase of this property and that J. B. Whitley originally contacted the vendors for this purpose. However, it was shown that the Development Company decided

they did not want the property as they were unable to buy it at that time and they do not claim any interest in the property now. Thus there is no evidence of any fraud practiced in the obtaining of this contract. Defendants, however, wish to profit by making themselves the avengers of some alleged wrong and claiming that the plaintiff does not come into equity with "clean hands." In order to do so, they go back to events alleged to have happened years prior to the defendants' acquiring any interest in the property subject to the contract. Even if there were any merit to the claims of fraud, defendants in no way were defrauded nor have they any right to complain.

In the statement of the questions involved, defendants evidently have abandoned the objection made at the hearing that the real party in interest had not brought the suit. We, therefore, shall not discuss this question. We find no merit in other questions raised by the defendants and do not deem it necessary to discuss them.

The trial judge properly granted the plaintiff the relief asked. It would have been an abuse of discretion had he not done so. The decree in favor of plaintiff is affirmed, with costs.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.