MOORE v BAUGH

Docket No. 49513. Submitted March 12, 1981, at Detroit.—Decided June 4, 1981.

Patricia Moore, in her own right and as next friend of Kimberly Moore and John Moore, brought an action against Paul Baugh and Louise Baugh for damages resulting from injuries arising out of a motor vehicle accident involving an uninsured motor vehicle. Following trial, judgment was rendered for plaintiffs. The judgment was paid by the Motor Vehicle Accident Claims Fund, and plaintiffs assigned the judgment to the Secretary of State. Subsequently, defendant Paul Baugh sought leave to appeal, which leave was granted by the Court of Appeals. Following a hearing, the Court of Appeals reversed the judgment of the trial court and remanded the case for a new trial. Plaintiffs failed to appear for the new trial, and the case was dismissed. The Secretary of State moved for an order of restitution from the plaintiffs, which motion was denied, Wayne Circuit Court, Thomas J. Brennan, J. The Secretary of State appeals. *Held:*

The Secretary of State, by accepting the assignment of the judgment from plaintiffs, assumed the risk that the judgment would be reversed upon a delayed appeal.

Affirmed.

1. JUDGMENTS — EXECUTION — APPEAL — RESTITUTION — STATUTES.

An amount of money collected pursuant to any judgment or decree which is subsequently reversed shall be restituted with interest from the time of collection by award of the court rendering the judgment or decree (MCL 600.1475; MSA 27A.1475).

2. ASSIGNMENTS — JUDGMENTS — EXECUTION — APPEAL — RESTITUTION — STATUTES.

An assignment is a transfer or setting over of property from one

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 997 *et seq.*
[2-5] 4 Am Jur 2d, Appeal and Error § 179.
  5 Am Jur 2d, Appeal and Error § 999.
  46 Am Jur 2d, Judgments § 883 *et seq.*

person or entity to another, and, unless in some way qualified, it transfers the whole interest of the assignor; thus, an assignment of a judgment divests an assignor of all interests therein; the assignee is ordinarily subject to any setoff or counterclaim available to the obligor against the assignor, and where the assignee effects execution on a judgment which is subsequently reversed he must make restitution to the obligor (MCL 600.1475; MSA 27A.1475).

3. ASSIGNMENTS — JUDGMENTS — APPEAL.

An assignee of a judgment is the owner of a cause of action upon which the judgment is based and as such is subject to delayed appeal and subsequent reversal.

4. AUTOMOBILES — ACTIONS — MOTOR VEHICLE ACCIDENT CLAIMS ACT — UNINSURED MOTORISTS — STATUTES.

The Secretary of State pursuant to the provisions of the Motor Vehicle Accident Claims Act may defend an action for damages resulting from injuries arising out of a motor vehicle accident involving an uninsured motorist on behalf and in the name of the uninsured motorist, and where the plaintiff prevails the Secretary of State upon application and assignment of the judgment by the plaintiff shall pay the amount of the judgment or unsatisfied portion thereof out of the Motor Vehicle Accident Claims Fund (MCL 257.1103, 257.1107[1], 257.1108, 257.1109; MSA 9.2803, 9.2807[1], 9.2808, 9.2809).

5. AUTOMOBILES — ACTIONS — APPEAL — MOTOR VEHICLE ACCIDENT CLAIMS ACT — STATUTES.

A defendant-uninsured motorist, in an action for damages resulting from injuries arising out of a motor vehicle accident, who defaults and who is defended by the Secretary of State pursuant to the provisions of the Motor Vehicle Accident Claims Act should not be granted leave to appeal a judgment for the plaintiff where the judgment is paid by the Secretary of State out of the Motor Vehicle Accident Claims Fund in exchange for an assignment of the judgment by the plaintiff because the Secretary of State, having assumed all responsibility for defending the action and for payment of the eventual judgment, is the proper party to bring the appeal; the defendant remains liable to reimburse the fund, however (MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.).*

*Blum, Brady & Rosenberg,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, and *Joseph B. Bilitzke,* and *Edgar L. Church, Jr.,* Assistants Attorney General, for the Secretary of State.

Before: V. J. Brennan, P.J., and M. J. Kelly and D. C. Riley, JJ.

M. J. Kelly, J. Intervening defendant-appellant appeals from an opinion and order entered on May 9, 1980, by Wayne County Circuit Court Judge Thomas J. Brennan, denying a motion for an order of reimbursement of all sums of money paid by intervening defendant to plaintiffs.

Plaintiffs received a jury verdict against defendants Baugh on January 16, 1976, in a suit commenced to recover for injuries arising out of an automobile accident. Intervening defendant-appellant, the Secretary of State, had defended the suit pursuant to the Motor Vehicle Accident Claims Act, MCL 257.1108; MSA 9.2808.[1] The Secretary of

[1] The statute provides:

"(1) Section 7 does not apply in the case of a judgment entered in an action in which the defendant did not enter an appearance, did not file an answer, or did not appear in person or by counsel at the trial, or judgment was entered upon the consent or with the agreement of the defendant, unless the secretary has been given notice in writing of the failure, consent or agreement and has been afforded an opportunity to take such action as he may deem advisable under subsection (2).

"(2) Where the secretary is served with notice in writing under this section, he may enter an appearance within 30 days, file an answer, make payment into court, appear by counsel at the trial or take such other action as he may deem appropriate on behalf and in the name of the defendant, and thereupon, on behalf and in the name of the defendant, may conduct his defense, and may consent to judgment in such amount as he may deem proper in all the circumstances, and all acts done in accordance therewith shall be deemed to be the acts of the defendants.

"(3) Where pleadings have been closed, the secretary, upon giving notice to the court and to all proper parties to the action that he intends to defend the action on behalf and in the name of the defendant, may reopen the pleadings upon praecipe.

"(4) In any action to recover damages arising out of the use or operation of an uninsured motor vehicle any settlement made be-

State was ordered to pay the judgment pursuant to §§ 7 and 8 of the act. The Secretary of State paid the judgment of $16,977.35 and, on April 5, 1976, plaintiffs executed an assignment of judgment to the Secretary of State pursuant to MCL 257.1107(1); MSA 9.2807(1) and MCL 257.1109; MSA 9.2809.[2] On March 8, 1977, defendant Paul Baugh filed an application for delayed appeal which was granted by this Court on August 29, 1977. On November 8, 1978, this Court reversed and remanded the case for a new trial. Plaintiffs failed to appear for the new trial, and the case was dismissed. The Secretary of State moved for an order of restitution from the plaintiffs, which the trial court denied on August 31, 1979. A motion for rehearing was denied on May 9, 1980. Intervening defendant-appellant appeals as of right.

The statute relied upon by defendant, MCL 600.1475; MSA 27A.1475 provides:

"In case any amount is collected on any judgment or decree, if such judgment or decree be afterward re-

tween the plaintiff and defendant shall not be binding upon the secretary or the fund unless the secretary consents thereto."

[2] MCL 257.1107(1); MSA 9.2807(1) provides:

"(1) Subject to section 8, where a person recovers in any court in this state a judgment for damages on account of injury to or the death of any person or property damage occasioned in this state by an uninsured motor vehicle owned or operated by the judgment debtor within this state, upon the determination of all proceedings, including appeals, he may make application, in the form prescribed by the secretary and the secretary shall pay the amount of the judgment or of the unsatisfied portion thereof, subject to the limitations provided in this act with respect to death or personal injury and the amount of the judgment or of the unsatisfied portion thereof, in excess of $200.00, with respect to property damage out of the fund."

MCL 257.1109; MSA 9.2809 also states:

"The secretary shall not pay out of the fund any sum under section 7 until the judgment creditor assigns the judgment to him. The secretary may make settlement of a claim which is brought pursuant to section 13 and pay out of the fund any sum necessary to satisfy the settlement."

versed the court shall award restitution of the amount so collected, with interest from the time of collection."

The present case is not squarely within the statute because an assignment was executed and delivered. If the assignment was nullified by the reversal of the judgment, appellant would be entitled to restitution. However, we conclude that the assignment was not nullified and affirm the trial court.

An assignment of a judgment divests the assignor of all interests therein, 46 Am Jur 2d, Judgments, § 886, p 1025. An assignment is a transfer or setting over of property from one person or entity to another and, unless in some way qualified, transfers one's whole interest. *Allardyce v Dart,* 291 Mich 642, 644; 289 NW 281 (1939), quoting 4 Am Jur, Assignments, § 2, p 229. The assignee is ordinarily subject to any setoff or counterclaim available to the obligor against the assignor, 6 Am Jur 2d, Assignments, § 102, p 283, *Finn v Corbitt,* 36 Mich 318 (1877). Generally, when a judgment is reversed or set aside, the party who has received the benefit must make restitution to the other party, 5 Am Jur 2d, Appeal and Error, § 997, p 424, *Kalmbach v Foote,* 79 Mich 236; 44 NW 603 (1890). It would thus appear that once a judgment is assigned, the assignor is completely disassociated from the rest except to the extent that his obligor may have rights against him which would then be assertable against the assignee.

In *Bennett v Sheriff of Wayne County,* 91 Mich 143, 145; 51 NW 885 (1892), a judgment was assigned prior to reversal. The Court determined:

"It appears that the assignment to Mr. Engle was of the claim of Williams against realtors, and was made

before the reversal of the circuit court judgment in this Court. At the time of such reversal, therefore, Mr. Engle was the real plaintiff in the suit, and equitably the costs ought to be satisfied by him, and there is no hardship in setting the same off against the circuit court execution, even if he is a *bona fide* assignee. He took the assignment of the judgment knowing that it was liable to be reversed, and stands in no better position than the assignor. *Northam v Gordon,* 23 Cal 255 [1863]."

In the present case, appellant took the risk, although probably unforeseen, that the case was liable to be reversed upon a delayed appeal.

In *Humphreys County v Cashin,* 136 Miss 476; 101 So 571 (1924), it was held that the assignee of a judgment was the owner of the cause of action upon which the judgment was based. As the "owner of the cause of action" the Secretary of State should have continued prosecution of the cause. In the present case, the assignment terminated plaintiffs' interest in the case and since intervening defendant stood in no better position than the assignor, intervening defendant was subject to the delayed appeal and subsequent reversal.

It is our opinion that delayed leave to appeal, sought by defendant Paul Baugh in 1977, was improperly granted. Prior to his motion, Baugh had defaulted on the plaintiffs' original claim. Once that claim was paid by the Secretary of State in exchange for an assignment of the judgment, defendant Paul Baugh remained liable only for reimbursement to the Motor Vehicle Accident Claims Fund. Having assumed all responsibility for defending in this cause of action and payment of the eventual judgment, the proper party to appeal the judgment would have been the Secretary of State.

Affirmed.