*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRIANNE SANDERS,

        Plaintiff-Appellant,

v

SHADY AWAD and TAYLOR REHAB FIVE, LLC,

        Defendants-Appellees.

UNPUBLISHED
April 16, 2025
11:27 AM

No. 370607
Wayne Circuit Court
LC No. 23-014198-CH

Before: YATES, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

In this real property case, plaintiff-appellant, Brianne Sanders, appeals as of right an order of dismissal entered in favor of defendants-appellees, Shady Awad and Taylor Rehab Five, LLC. The order dismissed plaintiff's claims after the trial court granted summary disposition to defendants under MCR 2.116(C)(7) (claim barred by prior judgment) and MCR 2.116(C)(8) (failure to state a claim). We affirm.

On appeal, plaintiff argues that the trial court erred by granting summary disposition to defendants because her action was not a collateral attack on the judgment of foreclosure, res judicata did not apply, and she established that she had standing to assert her quiet-title action. She also asserts that the trial court erred by finding that her unjust-enrichment claim failed because she is the rightful title owner of the property at issue, and defendants have been collecting and benefiting from her rental payments. Finally, plaintiff contends that the trial court erred by failing to determine whether she was entitled to a constructive trust regarding the property contested in this case.

We conclude that although collateral estoppel and res judicata did not bar plaintiff's action, because plaintiff did not have standing to bring her action, the trial court did not err by granting summary disposition to defendants. And because plaintiff could not establish her quiet title claim, the trial court did not err by dismissing her unjust-enrichment claim. Moreover, because there was no basis for the trial court to impose a constructive trust, there is no error.

## I. FACTS

-1-

This case arises from a foreclosure action. In early 2018, plaintiff's ex-husband owned the title to several properties, relevant here, a parcel of land in Taylor that we will refer to as the Property. Because plaintiff and Sanders failed to pay property taxes, the Wayne County Treasurer filed a petition for foreclosure on behalf of Wayne County, seeking "a judgment vesting absolute title" to the Property without a right of redemption. In March 2018, a judgment of foreclosure was entered, vesting title of the Property in fee simple to Wayne County. Plaintiff was informed that title to the property would vest in Wayne County if all delinquent totals were not paid within 21 days. Neither plaintiff nor her ex-husband paid or challenged or appealed the judgment. In August 2018, Wayne County sold the Property to the city of Taylor after the city exercised its right of first refusal.

In November 2018, the city of Taylor transferred the Property to Taylor Rehab.[1] Although Taylor Rehab acquired title to the Property, plaintiff continued living there. Accordingly, beginning in 2019, Taylor Rehab demanded plaintiff pay it rent.

In October 2021, Awad pleaded guilty to conspiring with the City of Taylor's former mayor and the former community development manager where, in exchange for cash, goods, and free renovation services, Awad received assistance to obtain foreclosed properties under the city of Taylor's Right of First Refusal (ROFR) program. As a result of this fraudulent scheme, "[b]etween 2015 and 2018, Awad was awarded the vast majority of Taylor's tax-foreclosed properties in the City's ROFR program," including the Property.

In April 2023, plaintiff and her ex-husband brought an action against defendants and Wayne County in the United States District Court for the Eastern District of Michigan. Plaintiff and her ex-husband asserted that Wayne County violated their rights under the United States and Michigan Constitutions "by retaining the proceeds of the foreclosure sale exceeding the taxes owed on the properties." But, because a class action involving similar claims against Wayne County was already pending in the district court, the court consolidated plaintiff and her ex-husband's claims against Wayne County with the existing class action. Against defendants, plaintiff and her ex-husband alleged quiet title, unjust enrichment, and declaratory judgment. The district court sua sponte dismissed plaintiff and her ex-husband's claims against Taylor Rehab, concluding that the court lacked subject-matter jurisdiction because they lost title to the Property in the foreclosure action, and "returning title to Plaintiffs would require this Court to disturb those judgments."

In November 2023, plaintiff, individually, brought suit against defendants in the trial court, again asserting claims for quiet title and unjust enrichment. In her complaint, plaintiff noted that she and her ex-husband were part of the ongoing class action lawsuit against Wayne County to recoup the surplus-value proceeds of the Property. Plaintiff argued that she was entitled to quiet title of the Property because: (1) defendants obtained the deed through fraud in violation of the law; (2) plaintiff retained an equity interest in the surplus-value proceeds; and (3) plaintiff had possession of the Property. In her unjust-enrichment claim, plaintiff asserted that "[b]y taking rent

---

[1] Awad is the owner of Taylor Rehab.

from Plaintiff for staying in the Property when she was the proper owner, Defendants have been unjustly enriched by the value of Plaintiff's Property and rent paid."

In December 2023, in lieu of answering plaintiff's complaint, defendants moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(8), arguing that plaintiff's claims were an invalid collateral attack on the prior foreclosure judgment and barred by res judicata. Defendants also asserted that plaintiff lacked standing because: (1) she was not a party to the sale of the Property between the city of Taylor and Taylor Rehab, (2) she was not injured by defendants' alleged fraud as a result of the sale, and (3) she lost title to the Property because of her own failure to pay property taxes. Defendants further asserted that plaintiff's unjust-enrichment claim also failed because she could not prove that she was the proper owner of the Property. Defendants explained that even if Taylor Rehab obtained the Property through fraudulent activity, plaintiff did not have standing to challenge the conveyance of the Property from the city of Taylor to Taylor Rehab because, under *Bowles v Oakman*, 246 Mich 674, 678; 225 NW 613 (1929), she was not a party to those transfers and her property interest was already foreclosed.

Plaintiff responded, arguing that because her claims only concerned defendants' postforeclosure conduct, she could not have raised her claims during the foreclosure action given that the fraud had not yet occurred and was not publicly known. Therefore, res judicata did not apply. Plaintiff also contended that even as a third-party to the assignment between the city of Taylor and Taylor Rehab, she could challenge the assignment because defendants obtained the Property through fraud, therefore making the assignment invalid. She claimed to also have standing under the quiet-title statute because she retained an equitable and possessory interest in the Property. Accordingly, plaintiff asserted that because her claims were not barred by res judicata or a lack of standing, her unjust-enrichment claim could survive summary disposition.

In March 2024, the trial court granted defendants' motion for summary disposition, reasoning that plaintiff's claims were "an invalid collateral attack on a Judgment of Foreclosure entered with respect to the subject property." The trial court further stated that because plaintiff "failed to state a claim of quiet title for which relief can be granted, and because Plaintiff can't establish ownership[,] her claim for unjust enrichment also lacks merit." Accordingly, in April 2024, the trial court entered an order of dismissal in defendants' favor. This appeal followed.

## II. STANDARDS OF REVIEW

We review "de novo the grant or denial of a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020) (quotation marks and citation omitted). The applicability of legal doctrines such as res judicata and collateral estoppel, *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008), and the question of whether a party has standing, *Groves v Dep't of Corrections*, 295 Mich App 1, 4; 811 NW2d 563 (2011), are also reviewed de novo. "This means that we review the issues independently, without any required deference to the trial court." *Millar v Constr Code Auth*, 501 Mich 233, 237; 912 NW2d 521 (2018).

When reviewing a motion under MCR 2.116(C)(7), we "must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence

contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact." *Id*. at 429. "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*. But, "if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate." *Id*.

When considering a motion under MCR 2.116(C)(8), "a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (citation omitted).

## III. ANALYSIS

On appeal, plaintiff asserts that the trial court erred by granting summary disposition to defendants because her action was not a collateral attack on the judgment of foreclosure, res judicata did not apply, and she established standing to assert her quiet title action. We disagree, in part.

## A. COLLATERAL ESTOPPEL

"Collateral estoppel is designed to avoid relitigation of claims, and to prevent vexation, confusion, chaos and the inefficient use of judicial resources . . . ." *Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 377; 521 NW2d 847 (1994). "Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004) (quotation marks, citations, and alterations omitted).

In this case, the foreclosure judgment vested fee simple title to the Property in Wayne County, thereby extinguishing plaintiff's claim of title. In her complaint, plaintiff alleged that she was entitled to quiet title of the Property because defendants procured the Property through fraud. Plaintiff was not challenging the fact that her claim of title was extinguished by the foreclosure judgment. Rather, plaintiff asserted that she had a separate claim to title arising from her right to possess the Property as a tenant, and an equitable interest in the Property arising from entitlement to the surplus value proceeds. She further argued that her interests gave her a superior claim to title because defendants only obtained title through fraud. Therefore, although both cases involved plaintiff's claim of title to the Property, the essential question of fact in this proceeding—whether plaintiff's postforeclosure interests outweighed defendants' claim to title—was not actually litigated or determined during the foreclosure proceedings or by the foreclosure judgment. Accordingly, the trial court erred by finding that collateral estoppel precluded plaintiff from bringing her action against defendants.

## B. RES JUDICATA

"The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Adair v Michigan*, 317 Mich App 355, 365; 894 NW2d 665 (2016) (quotation marks and citation omitted). "The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 418; 733 NW2d 755 (2007) (quotation marks and citation omitted). Michigan courts use "a transactional test to determine if the matter could have been resolved in the first case." *Id*. at 420. "The 'transactional' test provides that the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." *Id*. (quotation marks and citation omitted). "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit . . . ." *Adair*, 317 Mich App at 366-367 (quotation marks and citation omitted; alterations in original).

As previously stated, plaintiff's action does not challenge the validity of the foreclosure judgment. Rather, plaintiff challenged defendants' right to title, alleging that her possessory and equitable interests were superior to defendants' claim of title because defendants' claim was procured through fraud. At the time of the foreclosure proceedings, defendants were not in the chain of title because the conveyances from Wayne County to the city of Taylor, and from the city of Taylor to Taylor Rehab, had not yet occurred. Nor was it publicly known that defendants were allegedly part of a larger fraudulent scheme with officials from the city of Taylor. Therefore, even if plaintiff had exercised reasonable diligence, she could not have brought her claim against defendants at the time of the foreclosure proceedings. Accordingly, res judicata does not bar plaintiff's action.

## C. STANDING

Standing refers to the right of a party to invoke the power of the court to adjudicate a claimed injury in fact. *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 290; 715 NW2d 846 (2006). In general, standing requires that a party not only have a sufficient interest in the outcome of litigation to ensure vigorous advocacy, but also have "in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." *Bowie v Arder*, 441 Mich 23, 42; 490 NW2d 568 (1992) (quotation marks and citation omitted). A three-part test for standing has been outlined as follows:

> [T]o have standing (1) a plaintiff must have suffered an injury in fact, that is, an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct at issue; and (3) it must be likely that the injury will be redressed by a favorable decision. [*MOSES, Inc v Southeast Mich Counsel of Gov't*, 270 Mich App 401, 413; 716 NW2d 278 (2006) (quotation marks and citation omitted).]

"When a cause of action exists under law, or when the Legislature has expressly conferred standing, those circumstances are sufficient to establish standing." *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 137; 863 NW2d 344 (2014).

An assignment in law is defined as follows:

A transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one's whole interest in an estate, or chattel, or other thing. It is the act by which one person transfers to another, or causes to vest in another, his right of property or interest therein. [*Allardyce v Dart*, 291 Mich 642, 644-645; 289 NW 281 (1939) (quotation marks and citation omitted).]

Michigan courts have consistently held that third parties do not have standing to challenge an assignment to which they are not a party. *Newman v Real Time Resolutions, Inc*, 342 Mich App 405, 413; 994 NW2d 852 (2022). See also *Whitley v Tessman*, 324 Mich 215, 222; 36 NW2d 724 (1949) (concluding that the defendants could not make "themselves the avengers of some alleged wrong" by claiming fraud in a transaction to which they were not a party because "[e]ven if there were any merit to the claims of fraud, defendants in no way were defrauded nor have they any right to complain"); *Bowles*, 246 Mich at 678 (concluding that a nonparty to an assignment could not seek to have the assignment declared void as a result of fraud; rather the assignment "was at most voidable at the instance of those defrauded").

In this case, plaintiff alleged that she was entitled to quiet title to the Property because defendants obtained the deed through fraud. The evidence shows that plaintiff lost title to the Property after a judgment of foreclosure was entered in Wayne County's favor. Wayne County later sold the Property to the city of Taylor after it exercised its right of first refusal. The city of Taylor then sold the Property to Taylor Rehab. Plaintiff argues that she can assert a claim for quiet title to the Property because the conveyance between city of Taylor and Taylor Rehab was part of a larger fraudulent scheme orchestrated by both parties, which voided the transfer.[2] Although plaintiff challenges Taylor Rehab's claim for title to the Property, it is clear that she was not a party to any of the conveyances involving Wayne County, the city of Taylor, or Taylor Rehab. Additionally, plaintiff does not allege that she lost title to the Property as a result of the alleged fraud committed by the city of Taylor and defendants. Therefore, because *plaintiff* herself was not

---

[2] Plaintiff, relying on *Fifth Third Mtg-MI, LLC v First American Title Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued March 10, 2015 (Docket No. 318037), p 8, first contends that she has third-party standing to challenge the assignment between the city of Taylor and Taylor Rehab because: (1) the assignment was fraudulent, therefore invalid; and (2) her rent payments were not made to the Property's "true owner." Because plaintiff relies on unpublished caselaw, the holding is not binding on this Court. MCR 7.215(C). Moreover, we decline to apply the holding of the case relied upon by plaintiff because the facts are distinguishable from the present matter.

defrauded by defendants, or a party to the assignment between the city of Taylor and Taylor Rehab, she lacks standing to challenge the assignment. See *Newman*, 342 Mich App at 413.

Plaintiff also misapplies *Bowles* to support her contention that she has standing to bring suit against defendants. In *Bowles*, 246 Mich at 677-678, our Supreme Court held that when sued on a negotiable instrument, a maker "may *defend* on the ground that the plaintiff is not the owner of the instrument, does not have legal title to it, for the reason that the maker has a right to insist that he pay his obligation but once, and hence *to the true owner*." (Emphasis added.) Plaintiff argues that Taylor Rehab is not the Property's "true owner" because it acquired title to the Property by fraud. Plaintiff further argues that because she has not been paying rent to the "true owner," she has third-party standing to challenge the conveyance to Taylor Rehab. But the passage that plaintiff relies on from *Bowles* only allows parties to *avoid liability* for paying the debt owed on a negotiable instrument, such as a promissory note, when someone who is not the true owner of the instrument seeks to collect the debt. It does not give third parties standing to *bring suit* to challenge an allegedly fraudulent conveyance. Therefore, plaintiff has failed to show that she, as a third party, had standing to challenge the assignment between the city of Taylor and Taylor Rehab.

Additionally, plaintiff does not have standing under the quiet-title statute. An action to quiet title is equitable in nature and is "available to a party in possession of real property who [seeks] to clear the property's title as against the world." *Adams v Adams*, 276 Mich App 704, 711; 742 NW2d 399 (2007). MCL 600.2932(1), the statute governing quiet title, provides that

> [a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, *may bring an action* in the circuit courts *against any other person who claims* or might claim *any interest inconsistent with the interest claimed by the plaintiff*, whether the defendant is in possession of the land or not. [Emphasis added.]

In a quiet-title action, the plaintiff "has the initial burden of establishing a prima facie case of title . . . ." *Special Prop VI v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007). If the plaintiff establishes a prima facie case of title, the burden shifts to the defendant to prove superior right or title. *Beulah Hoagland Appleton Qualified Personal Residence Trust v Emmet Co Rd Comm*, 236 Mich App 546, 550; 600 NW2d 698 (1999).

"A person having all possible rights incident to ownership of a parcel of property has the entire bundle of sticks or a fee simple title to the property." *Eastbrook Homes, Inc v Dep't of Treasury*, 296 Mich App 336, 348; 820 NW2d 242 (2012). "Important rights flowing from property ownership include the right to exclusive possession, the right to personal use and enjoyment, the right to manage its use by others, and the right to income derived from the property." *Id*. Landowners are entitled to convey these rights to others. For example, "a lease is a conveyance by the owner of an estate of a portion of the interest therein to another for a term less than his own for a valuable consideration," thereby giving a "tenant the possession of the property leased and exclusive use or occupation of it for all purposes not prohibited by the terms of the lease." *Detroit Media Group, LLC v Detroit Bd of Zoning Appeals*, 339 Mich App 38, 56-57; 981 NW2d 88 (2021) (quotation marks and citations omitted). Additionally, in *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 470-473; 952 NW2d 434 (2020), our Supreme Court made it clear that the

Michigan Constitution and common law protect a former property owner's right to collect the surplus proceeds following a tax-foreclosure sale.

In this case, plaintiff claimed that she could establish a prima facie case of quiet title under MCL 600.2932(1) because she had: (1) a right of possession as a tenant, and (2) an equitable interest in the Property arising from her right to collect the surplus-value proceeds from Wayne County. There is no question that plaintiff paid rent to defendants, thereby giving her a right to possess the Property, or that she had an outstanding equitable interest in the surplus-value proceeds owed to her by Wayne County. But, to successfully assert a quiet-title action, it is not enough for plaintiff to show that she has some interest in the Property. Plaintiff must also show that her interests are *inconsistent* with defendants' claim of title. See MCL 600.2932(1). There is no indication that defendants sought to collect the surplus-value proceeds plaintiff claims to have an interest in. And given that plaintiff's equitable right to these proceeds survives foreclosure, defendants' claim of title has no bearing on plaintiff's right to collect the surplus-value proceeds from Wayne County. See *Rafaeli*, 505 Mich at 470-473. Moreover, defendants, as the title holders, exercised their right to convey their right to possession to plaintiff as a tenant. Therefore, plaintiff's right to possession is consistent with defendants' rights as the title holder. Accordingly, plaintiff failed to establish a prima facie case of quiet title.

Plaintiff, relying on unpublished caselaw,[3] asserts that she has standing because she is in further danger of losing her home because the city of Taylor "prevented the property from going to public auction, eliminating another method of Plaintiff to rectify [her] attempt at redeeming the property," and defendants commenced retaliatory eviction proceedings against her. Even if we were to rely on the holding of a nonbinding case, plaintiff fails to recognize that she already lost her home in the foreclosure proceedings. Therefore, no subsequent actions by *defendants* could have put her in further danger of losing something *she no longer owns*.

Because plaintiff does not have third-party standing to challenge the assignment between the city of Taylor and Taylor Rehab, and cannot establish a prima facie case of quiet title, the trial court did not err by granting summary disposition to defendants. And because plaintiff failed to establish her quiet-title claim, we find the trial court did not err by dismissing her unjust-enrichment claim or failing to determine whether she was entitled to a constructive trust.

Affirmed. Defendants, being the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Christopher P. Yates
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney

---

[3] *Hagerman v Nationstar Mtg, LLC*, unpublished per curiam opinion of the Court of Appeals, issued February 17, 2015 (Docket No. 319271), p 3.