**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:     Justices:
Clifford W. Taylor   Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED JUNE 27, 2007

EULA WASHINGTON, as Personal
Representative of the Estate of Lisa B.
Griffin,

       Plaintiff-Appellee,

v

No. 130641

SINAI HOSPITAL OF GREATER
DETROIT, d/b/a SINAI-GRACE
HOSPITAL, DETEROIT MEDICAL
CENTER, DR. KUNTA, THOMAS
PISKOROWSKI, D.O., and DR. AL-
SAYAD,

       Defendants-Appellants.

---

BEFORE THE ENTIRE BENCH

CORRIGAN, J.

This medical malpractice case presents the question whether a successor

personal representative of a decedent's estate is barred from filing a subsequent

complaint by the doctrine of res judicata when the initial personal representative

filed a complaint that was involuntarily dismissed. The Court of Appeals held that

the successor representative's complaint was not barred by res judicata because a

grant of summary disposition on statute of limitations grounds in the first action was not an adjudication on the merits. The Court of Appeals, however, overlooked MCR 2.504(B)(3), which states that, unless the court otherwise specifies in its order for dismissal, an involuntary dismissal, "other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits." Under the plain language of MCR 2.504(B)(3), the dismissal of the initial personal representative's untimely complaint was an adjudication on the merits. Because all the elements of res judicata have been satisfied, plaintiff's claims are barred. Accordingly, we reverse the Court of Appeals judgment and reinstate the trial court's order granting summary disposition for the defendants.

## I. UNDERLYING FACTS AND PROCEDURAL HISTORY

The decedent, Lisa Griffin, arrived at defendant Sinai Hospital of Greater Detroit complaining of shortness of breath on February 28, 2000. On March 1, 2000, Lisa Griffin died of cardiac arrest, allegedly as a result of defendants' failure to administer intravenous antibiotics. Decedent's brother, David Griffin, was appointed personal representative of her estate on March 16, 2000, which meant that the two-year saving provision would expire March 16, 2002.[1] David Griffin served defendants with a notice of intent to file suit on February 7, 2002, which

---

[1] MCL 600.5852.

2

tolled the period of limitations until August 9, 2002, with 21 days remaining.[2]

David Griffin, however, did not initiate a wrongful death, medical malpractice action against defendants until September 25, 2002. In that action, the trial court granted summary disposition to defendants under MCR 2.116(C)(7), ruling that Griffin filed his complaint after the period of limitations had expired and more than two years after the letters of authority were issued. Griffin did not appeal the trial court's decision.

Almost a year later, on August 26, 2003, plaintiff Eula Washington, decedent's mother, was appointed successor personal representative of decedent's estate. Relying on the wrongful death saving provision, MCL 600.5852, and this Court's decision in *Eggleston v Bio-Medical Applications of Detroit, Inc,* 468 Mich 29; 658 NW2d 139 (2003), plaintiff initiated the instant wrongful death action against defendants, which was identical to the first action. Defendants moved for summary disposition on the ground that plaintiff's suit was barred by res judicata. The trial court granted defendants' motion, concluding that *Eggleston, supra*, did not preclude the application of res judicata.

The Court of Appeals reversed in an unpublished opinion.[3] The Court stated that the wrongful death saving provision permitted a successor personal

---

[2] MCL 600.5856(c).

[3] *Washington v Sinai Hosp of Greater Detroit*, unpublished opinion per curiam of the Court of Appeals, issued December 1, 2005 (Docket No. 253777).

representative to bring a wrongful death action within two years of the issuance of letters of authority and within three years after the period of limitations has run. The Court further held that, under *Eggleston, supra*, the two-year saving period for the successor personal representative does not commence upon the issuance of letters of authority to the initial personal representative. Finally, although summary disposition usually operates to resolve a matter on the merits, the Court held that res judicata did not govern the case because a dismissal on the basis of the expiration of the period of limitations does not constitute an adjudication on the merits. The Court of Appeals cited several cases in support of this latter proposition.[4]

Defendants sought leave to appeal in this Court. We granted defendants' application, ordering the parties to brief the following questions: (1) whether a successor personal representative is entitled to his own two-year saving period in which to file a complaint under MCL 600.5852 if the first personal representative served a full two-year term, and (2) whether a subsequent complaint filed by a successor personal representative is barred by res judicata and MCR 2.116(C)(7) or MCR 2.504(B)(3) if the first personal representative filed a complaint.[5] We hold that, because the trial court's involuntary dismissal of the initial personal

---

[4] *Rogers v Colonial Fed S&L Ass'n,* 405 Mich 607; 275 NW2d 499 (1979); *Nordman v Earle Equip Co*, 352 Mich 342; 89 NW2d 594 (1958); *Ozark v Kais*, 184 Mich App 302; 457 NW2d 145 (1990).

[5] 475 Mich 909 (2006).

4

representative's wrongful death suit operates as an adjudication on the merits under MCR 2.504(B)(3), plaintiff's claims were properly dismissed on the basis of res judicata. In light of this holding, it is unnecessary to decide whether a successor personal representative is entitled to his own two-year saving period after the first personal representative served a full two-year term but failed to file a claim within that time.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision with regard to a motion for summary disposition under MCR 2.116(C)(7). *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 419; 684 NW2d 864 (2004). We also review de novo questions of statutory interpretation. *Ayar v Foodland Distributors*, 472 Mich 713, 715; 698 NW2d 875 (2005). Additionally, the application of a legal doctrine, such as res judicata, presents a question of law that we review de novo. *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 379; 596 NW2d 153 (1999).

## III. LEGAL ANALYSIS

First, we emphasize that we do not here decide the threshold question whether a successor personal representative is entitled to her own two-year period to file suit if the original personal representative has served a full two-year period. We decline to address this question because res judicata nonetheless bars plaintiff from commencing this action. This Court has held:

5

The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. *Sewell v Clean Cut Mgmt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001). This Court has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999). [*Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004).]

Therefore, we must consider these three elements of res judicata in turn.

In the present case, the Court of Appeals held that the prior action had not been decided on the merits because "a grant of summary disposition on grounds that the statute of limitation has expired does not constitute an adjudication on the merits of a cause of action." *Washington v Sinai Hosp of Greater Detroit*, unpublished opinion per curiam of the Court of Appeals, issued December 1, 2005 (Docket No. 253777), slip op at 2, citing *Rogers v Colonial Fed S&L Ass'n,* 405 Mich 607, 619 n 5; 275 NW2d 499 (1979), *Nordman v Earle Equip Co*, 352 Mich 342 346; 89 NW2d 594 (1958), and *Ozark v Kais*, 184 Mich App 302, 308; 457 NW2d 145 (1990). The reliance by the Court of Appeals on *Rogers*, however, is misplaced. This Court recently overruled *Rogers* in *Al-Shimmari v Detroit Medical Ctr*, 477 Mich 280; 731 NW2d 29 (2007), holding that *Rogers* not only has been superseded by the current court rules, but also that it was incorrectly decided under the then-existing GCR 1963, 504.2, which was substantially similar to the current MCR 2.504(B)(3).

6

The current version of MCR 2.504(B) provides, in pertinent part:

> (1) If the plaintiff fails to comply with these rules or a court order, a defendant may move for dismissal of an action or a claim against that defendant.

> \* \* \*

> (3) Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits.

In the first action, defendants were granted summary disposition under MCR 2.116(C)(7), because the initial personal representative failed to file suit within the period of limitations. Plaintiff argues that, under MCR 2.504(B)(3), the only "merits" decided in the first action are whether the initial personal representative timely filed his action. MCR 2.504(B)(3), however, does not distinguish between the grounds for a dismissal. Rather, subrule B(3) plainly states that "a dismissal under this subrule or a dismissal not provided for in this rule . . . operates as an adjudication on the merits." In the absence of any language in an order of dismissal limiting the scope of the merits decided, the court rule plainly provides that the order operates as an adjudication of the entire merits of a plaintiff's claim. The trial court's dismissal of the case was, therefore, an involuntary dismissal under MCR 2.504(B)(1). Moreover, the trial court did not specify that its order was without prejudice. Also, the trial court's order in the first action was not "a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205." Consequently, the decision in the first action was an

7

adjudication on the merits of the initial personal representative's claims, not just on the issue whether he timely filed his claims.

The third requirement for the application of res judicata is that "the matter in the second case was, or could have been, resolved in the first." *Adair*, *supra* at 121. Plaintiff argues that the issue whether a successor personal representative has her own two-year saving period could not have been resolved in the first case because the successor personal representative had not been appointed at that time. As stated in *Adair*, however, this Court uses a transactional test to determine if the matter could have been resolved in the first case. *Id*. at 123. As this Court explained in *Adair*:

> "The 'transactional' test provides that 'the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief.'" [*Id*. at 124 (citations omitted in original).]

"Whether a factual grouping constitutes a 'transaction' for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation . . ." *Adair, supra* at 125. See also *Reid v Thetford Twp,* 377 F Supp 2d 621, 627 (ED Mich, 2005); *Banks v LAB Lansing Body Assembly*, 271 Mich App 227, 230 (2006). Because plaintiff's complaint is identical to that which was filed in the first action, the identical operative facts now support her medical malpractice claim. Therefore, the third res judicata requirement is met because the matter asserted in the second suit was raised in the first.

The application of the wrongful death saving provision, MCL 600.5852, does not affect this analysis. Although § 5852 allows a personal representative to bring an action in her own name, the legal right she represents belongs to the estate, and her claim must be brought on behalf of the estate. Plaintiff does not have her *own* legal right to bring a wrongful death claim against defendant. Hence, the only factual condition that cannot be mirrored in the original suit is the name representing the estate on the complaint. The name on the complaint in the second action, however, is not an "operative fact" because it represents the same interest as that represented in the first action. Rather, the "operative facts" here are those underlying the estate's claim for medical malpractice. Accordingly, plaintiff's claim is not fundamentally different from her predecessor's claim, which relied on the same operative facts.

Finally, with regard to the second res judicata requirement, plaintiff is in privity with the initial personal representative. We held in *Adair* that "[t]o be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Id*. at 122.

Plaintiff cites *Phinisee v Rogers*, 229 Mich App 547; 582 NW2d 852 (1998), for the proposition that the familial relationship between a mother and child does not put them in privity with one another. In *Phinisee*, the Court of Appeals concluded that the doctrine of res judicata did not bar the plaintiff child's paternity action against the defendant, despite the earlier dismissal of the plaintiff's mother's paternity action against the same defendant. *Id*. at 554.

9

Plaintiff's reliance on *Phinisee*, however, is misplaced. In concluding that the mother and child in *Phinisee* were not in privity, the Court relied on its own conclusion that "[a]t some point, the law must recognize the fact that a child's interests in paternity litigation are much greater than the mother's interest in continued support.'" *Id*. at 552, quoting *Spada v Pauley*, 149 Mich App 196, 205 n 6; 385 NW2d 746 (1986).[6] The Court declined to apply res judicata to the plaintiff's claims because she did not represent the same legal interest as her mother in the first action, and thus, was not in privity with her.

In this case, both plaintiff and the initial personal representative were representing the same legal entity–namely, the estate—and prosecuting the estate's cause of action against defendants for malpractice. The familial relationship between plaintiff and the initial personal representative is, therefore, irrelevant. Because plaintiff represents the same legal right that was represented by the initial personal representative, she is in privity with the initial personal representative.[7]

Thus, all three requirements for the application of res judicata have been met in this case. Moreover, while we expressly do not decide whether a successor personal representative is entitled to her own two-year saving period where the original personal representative served a full two-year period, we note that nothing

---

[6] While we make no pronouncement on the correctness of this statement, we note that *Phinisee* is further distinguishable from the present case because in *Phinisee* no final order was entered in the first action. *Phinisee*, *supra* at 550-551.

[7] See MCL 600.2922; *Shenkman v Bragman*, 261 Mich App 412, 415-416; 682 NW2d 516 (2004).

in MCL 600.5852 precludes the application of res judicata in this case, even if we were to interpret this provision in plaintiff's favor.  Accordingly, we reverse the judgment of the Court of Appeals and reinstate the trial court's order granting summary disposition in favor of defendants.

Maura D. Corrigan
Clifford W. Taylor
Elizabeth A. Weaver
Robert P. Young, Jr.
Stephen J. Markman

Cavanagh and Kelly, JJ.  We concur in the result only.

Michael F. Cavanagh
Marilyn Kelly

11