# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF XAVIER RAY JOE, by DANIELLE
JOE, Personal Representative,

Plaintiff-Appellant,

v

COMMUNITY EMERGENCY MEDICAL
SERVICE, INC.,

Defendant-Appellee.

UNPUBLISHED
December 18, 2018

No. 338510
Oakland Circuit Court
LC No. 2016-152505-NM

Before: STEPHENS, P.J., and K. F. KELLY and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant, Community Emergency Medical Service, Inc., pursuant to MCR 2.116(C)(7) and (10). We affirm.

## I. BACKGROUND FACTS

This action, filed in 2016, arises from the September 2012 death of Xavier Ray Joe during a medical emergency. Plaintiff previously filed an action in 2014 against defendant, an emergency ambulance service, and three city of Southfield emergency dispatchers. The 2014 case was dismissed on summary disposition, and this Court affirmed that decision in a prior appeal. *Estate of Joe v Community Emergency Med Servs*, unpublished per curiam opinion of the Court of Appeals, issued May 26, 2016 (Docket No. 323276). The relevant underlying facts are set forth in this Court's prior opinion in *Estate of Joe* as follows:

> This appeal arises out of the death of Xavier Ray Joe ("Xavier"). On September 23, 2012, Community was under contract with the city of Southfield to provide back-up advanced life support (ALS) ambulance services. Defendants J. Fisher, J. Merser, and K. Cannon (collectively referred to as "the Southfield Dispatchers") were 911 dispatchers for Southfield. On September 23, 2012 at 8:14 p.m., the Southfield Dispatchers requested a Community ambulance to be on standby in the city of Southfield as the Southfield ambulance units were all responding to a house fire. Also at 8:14 p.m., plaintiff called Southfield Dispatch and informed Fisher that Xavier was suffering from a severe asthma attack, which

-1-

required immediate medical attention. At 8:18 p.m., Fisher called Community and requested that Community send an ambulance to 16204 Oxley Road, Southfield, to respond to Xavier's asthma attack. At 8:21 p.m., Community dispatched Unit 721 to the Oxley location to respond to plaintiff's request.

At 8:27 p.m., one of the Southfield Dispatchers asked Community regarding Unit 721's estimated time of arrival to the Oxley location. Unit 721 told Community that their estimated time of arrival was 10 minutes. Community subsequently told one of the Southfield Dispatchers that Unit 721's estimated time of arrival was less than 10 minutes. At 8:27 p.m., Unit 723 was also dispatched by Community to the Oxley Location.

At 8:29 p.m., one of the Southfield Dispatchers called Community and cancelled the request to Oxley because Southfield "was going to handle it." Community subsequently told Units 721 and 723 that the response call to the Oxley location was cancelled. As a result, Units 721 and 723 never arrived at the Oxley location because their response had been cancelled. According to plaintiff, a Southfield unit responded 45 minutes after her request for an ambulance. According to Southfield Fire Chief Keith Rowley, a unit responded "closer to 15 minutes" after plaintiff called 911. Xavier passed away from the asthma attack. [*Estate of Joe*, unpub op at 1-2.]

In the 2014 case, the trial court granted summary disposition in favor of the Southfield dispatchers under MCR 2.116(C)(7) (governmental immunity) and (10) (no genuine issue of material fact). As relevant to this appeal, this Court determined that some of plaintiff's claims "sounded in medical malpractice, not ordinary negligence," and, with respect to those claims, held that "[b]ecause plaintiff failed to provide defendants a notice of intent and affidavit of merit with her complaint,[1] the trial court properly granted [defendant's] motion for summary disposition." *Id.* at 8. This Court found, however, that additional claims raised by plaintiff sounded in ordinary negligence. But after examining the submitted evidence involving those claims, this Court determined that there was no factual support for the claims, and therefore, defendant was entitled to summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). *Id.* at 8-9.

Thereafter, in 2016, plaintiff filed the instant action against defendant, after complying with the NOA and AOM requirements of MCL 600.2912b and MCL 600.2912d. Plaintiff's 2016 complaint included one count labeled "Negligence/Medical Malpractice of Community," and a second count labeled "Violation of MCL 333.20965 by Community/Medical Malpractice." Defendant moved for summary disposition pursuant to MCR 2.116(C)(7) and (10), arguing that plaintiff's claims were barred by the doctrines of res judicata and collateral estoppel because they

---

[1] Specifically, plaintiff failed to comply with the Notice of Intent (NOI) and Affidavit of Merit (AOM) requirements for a medical malpractice action. See MCL 600.2912b and 600.2912d.

were adjudicated, or could have been adjudicated, in the 2014 case. The trial court agreed and granted defendant's motion. This appeal followed.

## II. ANALYSIS

"The applicability of legal doctrines such as res judicata and collateral estoppel are questions of law to be reviewed de novo." *Husted v Auto-Owners Ins Co*, 213 Mich App 547, 555; 540 NW2d 743 (1995), aff'd 459 Mich 500 (1999). We also review a trial court's decision on a motion for summary disposition de novo. *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). Summary disposition may be granted under MCR 2.116(C)(7) when a claim is barred by res judicata or collateral estoppel. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007). A motion brought under MCR 2.116(C)(7) "may be supported by affidavits, depositions, admissions, or other documentary evidence." *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994) (emphasis omitted). The contents of the complaint must be accepted as true unless contradicted by the documentary evidence, which must be viewed in a light most favorable to the nonmoving party. *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). If there is no factual dispute, the determination whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law. *Id.*

"The preclusion doctrines of res judicata and collateral estoppel serve an important function in resolving disputes by imposing a state of finality to litigation where the same parties have previously had a full and fair opportunity to adjudicate their claims." *William Beaumont Hosp v Wass*, 315 Mich App 392, 398; 889 NW2d 745, 749-750 (2016) (quotation marks and citation omitted). The doctrine of res judicata refers to claim preclusion, while the doctrine of collateral estoppel refers to issue preclusion. *People v Gates*, 434 Mich 146, 154 n 7; 452 NW2d 627 (1990); see also *Plantet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 327n 2; 900 NW2d 680 (2017).

"The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). Further our courts are to apply the doctrine broadly: res judicata not only bars claims already litigated, but it also bars "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.*

Regarding the first element of res judicata, plaintiff argues that her 2016 action is not barred by res judicata because the 2014 case was dismissed for failure to comply with the procedural requirements for a medical malpractice action and that such a dismissal does not constitute an adjudication on the merits. Plaintiff cites caselaw holding that dismissal without prejudice is the appropriate sanction for a plaintiff's failure to comply with the medical malpractice procedural requirements. See, e.g., *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 47-48; 595 NW2d 455 (1999). However, as defendant observes, MCR 2.504(B)(3) provides:

Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits.

Neither the trial court's order in the 2014 case nor this Court's prior opinion specifies that the dismissal of plaintiff's claims was without prejudice or did not operate as an adjudication on the merits. Thus, on its face, MCR 2.504(B)(3) would appear to make the dismissal an adjudication on the merits.

However, regardless of the applicability of MCR 2.504(B)(3), it is clear that the dismissal of some of the 2014 claims constituted an adjudication on the merits. Plaintiff asserts that "[t]he only issue decided, and presented, [in the 2014 case] was that the claim sounded in medical malpractice and that a notice of intent was required," but plaintiff is incorrect. Plaintiff's 2014 case was not dismissed solely for failure to comply with § 2912b. Plaintiff also raised *additional* claims in the 2014 case, which this Court held sounded in ordinary negligence. The trial court and this Court definitively *addressed those additional claims on their merits* and concluded that plaintiff failed to establish a genuine issue of material fact with respect to those claims. Therefore, the dismissal of those claims in 2014 operated as an adjudication of the merits, thereby satisfying the first element of res judicata.

The second element of res judicata is satisfied because there is no dispute that plaintiff and defendant were parties to both the 2014 and 2016 actions.

The third element of res judicata is that "the matter in the second case was, or could have been, resolved in the first." *Adair*, 470 Mich at 121. We note that it should not matter that some claims—those sounding in medical malpractice—were dismissed solely on procedural grounds which, standing alone, might not qualify as an adjudication on the merits for purposes of res judicata. As already mentioned, res judicata is not concerned with whether a particular claim was actually litigated in a prior action. Michigan takes a broad approach to res judicata, barring "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* A transactional test is used to determine if a matter could have been resolved in the first case. *Washington*, 478 Mich at 420. Under a transactional test, "the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." *Id.* (citation omitted).

The operative facts underlying plaintiff's claims in the 2014 and 2016 cases, whether sounding in ordinary negligence or medical malpractice, are the same. They involve defendant's service response to the decedent's medical emergency, specifically whether defendant had an available ambulance unit ready to respond to the emergency, whether truthful and accurate information regarding defendant's service response was provided, and whether defendant properly responded to the request for emergency assistance. Although plaintiff characterizes all of the claims in her 2016 complaint as claims sounding in medical malpractice, it is readily

apparent that they overlap the claims made in the 2014 case. Therefore, plaintiff could have raised them in the 2014 action. Thus, the third requirement of res judicata also is satisfied.[2]

Accordingly, because all of the elements of res judicata are satisfied, plaintiff was barred from raising the 2016 claims, and the trial court did not err by granting defendant's motion for summary disposition.[3]

## III. ADDITIONAL DISCOVERY

In her last issue, plaintiff argues that summary disposition was premature because discovery had not been completed. "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 24-25; 672 NW2d 351 (2003). "However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Id*. at 25. Because we have concluded as a matter of law that plaintiff's claims are conclusively barred by the doctrine of res judicata, and because additional discovery could not have avoided the application of this doctrine, the grant of summary disposition was not premature.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Cynthia Diane Stephens
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel

---

[2] To illustrate the appropriateness of the application of res judicata in this instance, assuming that plaintiff had raised *only* claims sounding in ordinary negligence in the 2014 action, and that action had been adjudicated on the merits, there is no doubt that plaintiff would be barred from later bringing a second action that raised new claims arising from the same transaction that she could have raised in the prior action but did not. Thus, where there has been a prior adjudication on the merits, as occurred in this case, it would be contrary to Michigan's broad approach to res judicata to make an exception for any claims arising from the same transaction that were brought previously but were dismissed on procedural grounds.

[3] Because summary disposition was warranted on res judicata grounds, we need not address whether summary disposition was also warranted on collateral estoppel grounds.