NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0126n.06

No. 20-1155

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 10, 2021
DEBORAH S. HUNT, Clerk

PACKARD SQUARE LLC,                            )
                                              )
          Plaintiff-Appellant,                )
                                              )
v.                                            )          ON   APPEAL   FROM   THE
                                              )          UNITED  STATES  DISTRICT
CANYON PARTNERS LLC, et al.,                  )          COURT FOR THE  EASTERN
                                              )          DISTRICT OF MICHIGAN
          Defendants-Appellees.               )
                                              )

BEFORE:    BATCHELDER, GRIFFIN, and MURPHY, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge.**  Plaintiff-Appellant Packard Square, LLC

(Packard) appeals the district court's decision granting Defendant-Appellee Canyon Partners,

LLC's (Canyon) motion to dismiss Packard's civil Racketeer Influenced and Corrupt

Organizations Act (RICO) claims.  The district court found that both res judicata and collateral

estoppel precluded Packard's claims.  Packard argues that res judicata does not apply because it

could not have brought its RICO claims in state court and collateral estoppel does not apply

because its RICO claims rely on factual issues not yet litigated.  We **AFFIRM** the district court

on res judicata grounds; we do not address collateral estoppel.

**I.**

In October 2014, Packard, then a property developer in Ann Arbor, Michigan, mortgaged

its commercial-development property for a loan of up to $53.7 million from Canyon's affiliate,

CAN IV, to develop a commercial building that would comprise 294 apartments and 24,000 square

feet of retail space. Packard eventually defaulted under the loan and failed to pay necessary expenses to protect its property.

On October 21, 2016, Canyon sued Packard in Washtenaw County (Mich.) Circuit Court, requesting that the court appoint a receiver and foreclose on the mortgage. Packard counterclaimed against Canyon for (1) breach of contract, (2) lender liability, (3) breach of fiduciary duty, (4) conversion of draws and loan funds, (5) tortious interference with business relationships, (6) breach of implied covenant of good faith, and (7) declaratory relief asserting that Canyon must reverse its course of actions resulting from Packard's default.

On November 1, 2016, the state court appointed a receiver and on September 21, 2018, it entered a judgment of foreclosure. The state appeals court and state supreme court upheld each order.[1] *Packard Square, LLC v. Canyon Partners, LLC*, No. 19-CV-10374, 2020 WL 376455, at n.1, *3 (E.D. Mich. Jan 23, 2020). On February 15, 2019, the state court summarily disposed of Packard's counterclaims on the merits. *Id.* at *5.

On June 25, 2018, before the state court had resolved Canyon's foreclosure action or Packard's counterclaims, Packard filed in the United States District Court for the Southern District of New York its first RICO complaint, which included state-law claims. The Southern District transferred the case to the United States District Court for the Eastern District of Michigan. Packard twice amended its complaint. The gist of Packard's second amended complaint was that Canyon "weaponized the loan from the very outset so they could use it to seize control of the Packard Square project and steal Packard Square's equity in the project for a fraction of its actual value."

---

[1] After the state court appointed the receiver, Packard filed a Chapter 11 petition in the Bankruptcy Court for the Eastern District of Michigan and moved for an order requiring the receiver to turn over possession, custody, and control of the project, alleging that Canyon manufactured the default to own the property and recover exorbitant fees. *See Packard Square LLC v. CAN IV* (*In re Packard Square, LLC*), 586 B.R. 853, 861–62 (E.D. Mich. 2018). The bankruptcy court denied relief and dismissed the petition. *Id.* at 860. The district court affirmed the bankruptcy court. *Id.* at 867–69.

Pl.'s Second Am. Compl. ¶ 2, ECF No. 19.  It alleged that Canyon: (1) engaged in a pattern of racketeering activity; (2) fraudulently withheld loan disbursements and caused Packard to default; and (3) fraudulently induced the state court to appoint a receiver and foreclose on the mortgage.

In 2019, the district court dismissed Packard's RICO claims and accompanying state-law claims.  It held in pertinent part that Packard's "RICO claims are barred by the doctrines of collateral estoppel and res judicata because these are claims that could have been brought in the Washtenaw County action and they are based on allegations that are the same or similar to those which actually were raised in that court."  *Packard Square,* 2020 WL 376455, at *5.

Packard timely appeals the dismissal of its RICO claims.

**II.**

It is well "settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  Because "state courts have concurrent jurisdiction to consider civil claims arising under RICO," we give effect to Michigan's doctrines of res judicata and collateral estoppel.  *Tafflin v. Levitt*, 493 U.S. 455, 467 (1990); *see Abbott v. Michigan*, 474 F.3d 324, 330–31 (6th Cir. 2007).  This court reviews de novo the dismissal of a case on res judicata grounds.  *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

Under Michigan law, res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004).  Res judicata "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence,

could have raised but did not." *Id.* "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time, space, origin or motivation*, [and] whether they form a convenient trial unit." *Id.* at 398 (citation omitted).

The sole issue here is whether Packard, exercising reasonable diligence, *could have* raised its RICO claims in the state-court action. The record shows that Packard had the ability to join its RICO claims in the Washtenaw Action long before that state court's final judgment.

A plaintiff can bring a civil RICO claim when it is "injured in [its] business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Injury "for RICO purposes is generally determined by state law." *Isak v. Trumbull Sav. & Loan Co.*, 169 F.3d 390, 397 (6th Cir. 1999). In Michigan, a plaintiff suffers injury to its business when the defendant "unlawfully interferes with [its] business" or "business relations." 24 Mich. Civ. Jur. Torts § 29. Alternatively, a plaintiff suffers injury to property when the defendant deprives the plaintiff of "enjoyment of [its] property." 21 Mich. Civ. Jur. Real Property § 2. "[T]o deprive [the plaintiff] of such enjoyment is to deprive [it] of the property itself, wholly or to the extent of the mischief." *Id.*

Packard's several pleadings show that it was injured long before the state court dismissed its counterclaims. For example, in the Washtenaw Action, Packard pleaded injuries to both its business and business relationships, alleging that Canyon "improperly declar[ed] defaults when there were none," "insert[ed] itself into the business decisions, financial affairs, and other decisions by Packard," and "interfer[ed] with the relationship between Packard and its contractors and subcontractors." Def.'s Second Am. Countercl. ¶¶ 68, 72, ECF No. 22-3.

The most telling pleading, though, is Packard's first RICO complaint, which it filed nearly *eight months before* the state court dismissed Packard's counterclaims. Packard alleged that

Canyon "injured [Packard's] business and property" by creating "bogus and improper contractual defaults" through extortion, wire fraud, and mail fraud. Pl.'s Compl. ¶¶ 87, 20, ECF No. 1. This pleading alone confirms that the RICO claim before us here arose from the same transaction alleged in Packard's state-court counterclaims, demonstrating that the claims could have been raised in the state-court action. *See Washington v. Sinai Hosp. of Greater Detroit*, 733 N.W.2d 755, 760 (Mich. 2007) (suggesting that the transactional test "determine[s] if the matter could have been resolved in the first case").

Packard argues that it was not required to raise its RICO claims in the state court because under Mich. Ct. R. 2.203 (A), it was only required to "join every claim" it had against Canyon "at the time of serving" its counterclaims, and that it did not have sufficient evidence to plead its RICO claims at the time. But "under Michigan law, a plaintiff has a duty to supplement [its] complaint with related factual allegations that develop 'during the pendency of' [its] state suit or have them barred by res judicata." *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 817 (6th Cir. 2010) (applying Michigan law) (citation omitted); *see* Mich. Ct. R. 2.118(A)(2) ("leave [to amend] shall be freely given when justice so requires"). "Even if there were some alleged new facts that arose after the filing of [the complaint] it does not preclude application of res judicata." *Dubuc v. Green Oak Township*, 312 F.3d 736, 749 (6th Cir. 2002) (applying Michigan law). The party "is obliged to amend [its] initial complaint to add these new allegations." *Id.* at 750–51.

The district court correctly applied res judicata to Packard's RICO claims.

### III.

We **AFFIRM** the district court's order dismissing Packard's RICO lawsuit.