*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT NEAL,

Plaintiff-Appellant,

UNPUBLISHED
March 21, 2024

v

No. 365676
Midland Circuit Court
LC No. 22-001244-CK

CHRISTOPHER KEEFER, KATHERINE KEEFER,
CASEY KEEFER, LISA KEEFER, JASON
BROWN, and DARCEL BROWN,

Defendants-Appellees.

Before: M. J. KELLY, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Plaintiff, Scott Neal, appeals as of right the trial court order granting summary disposition
to defendants Christopher Keefer, Katherine Keefer, Casey Keefer, Lisa Keefer, Jason Brown, and
Darcel Brown. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This is the second action between the parties. The first action arose after the parties entered
into a number of contractual agreements. Specifically, as set forth in this Court's prior opinion:

> On October 15 and 16, 2015, the parties executed a number of agreements
> titled: (1) Business Loan Agreement ("BLA"), (2) Restated Promissory Note, and
> (3) Assignment of Membership Interest Agreement ("the October 2015 assignment
> and release"). The Restated Promissory Note included as borrowers Christopher,
> Casey, Jason, and their respective spouses, Katherine Keefer, Lisa Keefer, and
> Darcel Brown. [*Keefer v Neal*, unpublished per curiam opinion of the Court of
> Appeals, issued October 6, 2022 (Docket No. 357491); unpub op at 2.]

Defendants continued to make payments on the loan for approximately two years before they filed
a complaint against Neal, alleging fraud, breach of contract, and unjust enrichment. *Id*. at 3.
Pursuant to a court order, defendants remitted the scheduled payments to an escrow account. *Id*.
Eventually, the trial court granted summary disposition to Neal on the majority of the claims and

it entered an order permitting defendants' to dismiss their remaining claim. *Id*. Thereafter, the court continued the escrow order throughout the pendency of defendants' appeal in this Court. *Id*. Determining that defendants were not entitled to relief, this Court affirmed in an unpublished per curiam opinion. *Id*. at 1.

In May 2022, Neal filed the instant action against defendants. He alleged that defendants were in default of the BLA and the restated promissory note because (1) they remitted their monthly payments to an escrow account rather than directly to him, and (2) they did not pay, upon his demand, his attorney fees and legal expenses incurred in defending the validity of the contractual agreements during the 2017 action. In support, he attached copies of the BLA, the restated promissory note, and a letter demanding payment of attorney fees and costs associated with his defense in the 2017 action.

The BLA provided that a payment default would occur if defendants fail "to make any payments when due under the Restated Promissory Note." Under the restated promissory note, defendants were required to "remit to [Neal], by wire transfer or such other method of payment as may be approved by [Neal], as payments under this Note, monthly installments of principal and interest . . . ." The restated promissory note further stated that a default would occur if defendants failed "to make any payment on this Note within fifteen (15) days of the date that such payment is due." The BLA also provided that, if a default event occurred, Neal had the option to accelerate the loan, rendering all defendants' total indebtedness "immediately . . . due and payable."

Next, as it relates to attorney fees and expenses, the BLA provided that defendants agreed "to pay upon demand all of [Neal's] costs and expenses, including [Neal's] actual attorneys' fees and [Neal's] legal expenses, incurred in connection with the enforcement of" the BLA and the restated promissory note. Under that provision, on February 14, 2019—while the 2017 litigation was ongoing—Neal's lawyer sent a letter to defendants' lawyer, demanding that defendants pay Neal for attorney fees and legal expenses incurred while defending the 2017 action.

In response to Neal's complaint, defendants moved for summary disposition, challenging the merits of Neal's breach of contract claim. Ultimately, the trial court granted summary disposition under MCR 2.116(I)(1) and MCR 2.116(C)(7) after determining that Neal's claim was barred by the doctrine of res judicata. This appeal follows.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Neal argues that summary disposition was not warranted because the trial court erred by determining that his claims against defendants were barred by the doctrine of res judicata. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering*, *Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Whether a claim is barred by the doctrine of res judicata is also reviewed de novo. *King v Munro*, 329 Mich App 594, 599; 944 NW2d 198 (2019).

## B. ANALYSIS

"The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 715; 848 NW2d 482 (2014) (quotation marks and citation omitted).

> Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. [*Id*. (quotation marks and citation omitted).]

Here, it is undisputed that the prior action was resolved on the merits and that it involved the same parties. Moreover, the issues raised in this case were not raised in the prior action. That is, Neal did not file a counterclaim for breach of contract alleging that defendants' breached the contract by (1) not paying upon demand his attorney fees for enforcing the contact and (2) by placing their monthly payments into an escrow rather than remitting the payments directly to him. As a result, the question before this Court is whether the breach of contract claim could have been resolved in the prior action.

Neal contends that res judicata should not be applied because he was not required to raise his breach of contract claim in the prior action. However, Michigan uses "a transactional test to determine if the matter could have been resolved in the first case." *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 420; 733 NW2d 755 (2007). "The 'transactional' test provides that the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." *Id*. (quotation marks and citation omitted). Further, "[w]hether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit . . . ." *Adair v State*, 317 Mich App 355, 366-367; 894 NW2d 665 (2016) (quotation marks and citation omitted; alterations in original). As a result, it does not matter whether Neal was *required* to file a counterclaim because the question is whether he *could* have done so.

Neal ignores the transactional test and instead directs this Court to *Bd of Co Rd Comm'rs for City of Eaton v Schultz*, 205 Mich App 371, 375; 521 NW2d 847 (1994) for the proposition that the essential facts in the first action and the subsequent action must be "identical." However, as explained above, Michigan follows the transactional approach to res judicata. Thus, there is no requirement that the essential facts be identical.

Here, in the 2017 lawsuit, defendants essentially argued that the contract should be voided because of fraud. During that lawsuit, they filed a motion in the trial court seeking to make their payments into escrow. The court granted that motion. Now, years later, Neal contends that defendants breached the BLA and restated promissory note by making the payments into an escrow account. He could have filed a counterclaim asserting the same in the 2017 action. Moreover, while the 2017 litigation remained pending, he made a demand for attorney fees from defendants. They did not pay his attorney fees. At that time, because such fees were expressly permitted under

the terms of the contract, Neal could have filed a counterclaim alleging breach based upon their failure to pay his attorney fees. Alternatively, under the terms of the contract, he could have requested that the trial court award him attorney fees for defending the action. He did neither. Based upon this record, we conclude that, pragmatically, the facts necessary for the second action are related in time, space, origin, and motivation to the facts in the prior action. Moreover, they formed a convenient unit for trial. Therefore, Neal could have brought his action for breach of contract during the 2017 litigation. As a result, like the trial court, we conclude that his present action is barred by res judicata.

Neal argues, however, that even if res judicata were applicable, it should not be applied in this case because it would result in a manifest injustice. In support, he directs this Court to *State Revenue Div of Dep't of Treasury v Raseman's Estate*, 18 Mich App 91, 104; 170 NW2d 503 (1969), which states that the doctrine of res judicata "is only a policy, not an absolute rule, and it need not be and has not been applied rigidly without regard to disparate factual situations." He also directs this Court to *United States v LaFatch*, 565 F 2d 81, 83-84 (CA 6, 1977) (quotation marks and citation omitted), which posits that courts should not apply res judicata "when it would result in manifest injustice to a party or violate an overriding public policy." Neither opinions are binding on this Court, however. See *Jackson v Director of Dep't of Corrections*, 329 Mich App 422, 428 n 5; 942 NW2d 635 (2019) (stating that published opinions of this Court issued before November 1, 1990 are not binding, but may be considered for their persuasive value); and *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004) (stating that decisions from federal courts of appeals may be persuasive, but they are not binding on this Court). We do not find the nonbinding authority persuasive, and even if we did, Neal has not identified any manifest injustice that would result from the application of res judicata in this case. Indeed, the contract between the parties remains enforceable as per the 2017 legislation. Thus, Neal continues to be entitled to monthly payments under the contract. Thus, although he is inconvenienced by his inability to bring a breach of contract claim, no manifest injustice has occurred. Defendants remain obligated to pay him the money due under the contract, albeit on the agreed upon payment schedule as opposed to on an accelerated basis.[1]

Affirmed. Defendants may tax costs as the prevailing parties. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

---

[1] Neal also argues that, upon a de novo review of the case, he is entitled to summary disposition under MCR 2.116(C)(10), and he requests that this Court order the trial court to grant summary him summary disposition. Because we conclude that the trial court did not err by granting summary disposition to defendants, we need not address that aspect of his argument.