*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN ROBINSON, Administrator of the ESTATE
OF VERONICA ROBINSON,

       Plaintiff-Appellant,

v

BEAUMONT HEALTH DEARBORN,

       Defendant-Appellee,

and

JOHN/JANE DOE,

       Defendant.

UNPUBLISHED
October 16, 2025
2:57 PM

No.  371503
Wayne Circuit Court
LC No.  23-015478-NO

Before:  FEENEY, P.J., and BORRELLO and BAZZI, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's[1] motion for summary disposition under MCR 2.116(C)(7).  For the reasons set forth in this opinion, we vacate the trial court's order and remand the matter for further proceedings consistent with this opinion.

## I.  BACKGROUND

This case arises out of injuries suffered by the decedent, Veronica Robinson, while she was on the premises of defendant's hospital.  Plaintiff John Robinson was Veronica's spouse and is the administrator of her estate.  According to the complaint, Veronica was lawfully on defendant's premises on January 19, 2021, when, at 2:00 a.m. she walked into the restroom she shared with a

---

[1] Because defendant Beaumont Health Dearborn is the only defendant participating in this appeal and the only defendant implicated by the factual circumstances relevant to resolution of the issue presented on appeal, our use of the term "defendant" in this opinion refers solely to Beaumont Health Dearborn unless stated otherwise.

roommate and slipped and fell on feces that had been left on the bathroom floor. The complaint alleged that Veronica suffered injuries to her shoulders and back as the result of defendant's negligence in failing to clean up the restroom floor and properly maintain the premises. The complaint does not appear to allege that Veronica's death was caused by this fall.

However, the present action apparently represents plaintiff's third attempt to litigate his claims. Plaintiff's first complaint predicated on the above incident was filed against defendant in the Wayne Circuit Court on January 18, 2023 and was designated case number 23-000791-NO. That action was dismissed without prejudice in a May 30, 2023 order because plaintiff failed to serve defendant before the summons expired.

Nonetheless, plaintiff had apparently filed another complaint against defendant, based on this same incident, in the Wayne Circuit Court on May 10, 2023. This action was designated case number 23-005607-NO, and the complaint specifically alleged that Veronica was hospitalized at defendant's hospital on January 19, 2021, when she fell and was injured as a result of defendant's negligence. The complaint alleged that defendant was negligent by failing to inspect and properly maintain a restroom in Veronica's room. According to the complaint, another patient staying in the same room was improperly allowed to get up from bed and use the restroom, during which time the patient defecated on the floor, and feces were allowed to remain on the floor overnight because nobody inspected the area. The complaint seems to also suggest that Veronica should not have been permitted to ambulate to the restroom unassisted. This second action was reassigned to the judge to which the first action had been assigned. The order of reassignment indicated that the two actions were "identical." Plaintiff's attorney was sanctioned $100 for failing to comply with the court rule requiring disclosure of prior actions.

In the second action, defendant moved for summary disposition under MCR 2.116(C)(8) on the ground that plaintiff's complaint actually sounded in medical malpractice and plaintiff had failed to comply with the requirements for filing a medical malpractice action. The trial court entered an order on November 21, 2023, granting the motion for summary disposition and dismissing plaintiff's claims "for the reasons stated on the record." The order expressly stated that the dismissal was "without prejudice." Although the order indicates that a hearing was held on November 8, 2023, defendant has informed this Court that a transcript for that hearing could not be obtained because the Zoom hearing was not recorded.

On November 30, 2023, plaintiff filed the instant action, which was designated case number 23-015478-NO. This complaint alleged that the cause of action arose out of a "slip and fall that occurred on Defendant's premises." More specifically, the complaint alleged that on January 19, 2021, Veronica "while lawfully walking upon a common area in the premises, and while carefully entering the restroom in Defendant's building, did slip and fall violently to the ground with great force as a result of untreated, unavoidable feces left in the bathroom" and further, that "the conditions were exacerbated by Defendant's failure to cleanup, mop, and/or properly maintain the premises, as well as Defendant negligently allowing the conditions and hazards to remain."

The complaint alleged that defendant was negligent by allowing, failing to discover, and failing to correct the dangerous hazard of feces on the floor in the aisle of the bathroom, which cause plaintiff, an invitee, to fall. Plaintiff further alleged that defendant was negligent for failure

to protect from the hazard; failure to inspect; failure to warn of the defective condition; failure to "cordon off the area"; and failure "to train and supervise the agents, servants and employees it hired in the proper methods and manners of maintaining and inspecting the premises, including its aisles so that they were in a reasonably safe condition". The case was assigned to the same judge that had presided over the previous two actions.

Defendant moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's latest complaint was barred by collateral estoppel and constituted an "improper collateral attack" on the trial court's previous determination that the plaintiff failed to follow the requirements for bringing a medical malpractice action. Defendant asserted that plaintiff had not sought reconsideration or an appeal in the prior action that was dismissed and that the present complaint "still sound[ed] in medical malpractice despite Plaintiff's counsel's effort at artful pleading."

In response, plaintiff argued that the case involved an ordinary slip and fall that coincidentally occurred while the injured party was a patient at a hospital. Plaintiff maintained that the specific negligent acts at issue, which involved the failure to clean up a hazardous slippery condition, did not require medical judgment and were within the purview of an ordinary layperson's common knowledge such that plaintiff had alleged an ordinary premises liability claim rather than a medical malpractice claim. Furthermore, plaintiff argued that "Despite the Court in the prior filing interpreting the negligence slip and fall case as a medical malpractice case, the Judge dismissed the action without prejudice to file it as an appropriate basic negligence case." Accordingly, plaintiff contended that collateral estoppel did not bar plaintiff's latest complaint.

The trial court held a hearing on the motion. At the conclusion of the hearing, the trial court ruled as follows:

> [B]ecause the Plaintiff in the second action did not plead in the alternative, he combined both medical malpractice allegations and general premise liability actions, when this Court entered its dismissal in the second case pursuant to 2.504(B)(3), it did operate as an adjudication on the merits.
>
> I do not find that this is a collateral estoppel argument as much as it is a *res judicata* argument and that all of the prongs of *res judicata* have been met. And as a result, I am granting Defendant's motion to dismiss based on the theory of *res judicata*.

The trial court entered an order granting defendant's motion for summary disposition under MCR 2.116(C)(7) and dismissing the action with prejudice "for the reasons stated on the record." This appeal followed.

## II. APPELLATE JURISDICTION

It is first necessary to address defendant's jurisdictional argument. "Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). This Court's jurisdiction is governed by statute and court rule. *Id*. Issues involving the interpretation of statutes and court rules, as well

as issues involving this Court's jurisdiction, present questions of law that this Court reviews de novo. *Id*.

Citing MCR 7.204(A)(1)(a) and (F)(2), defendant in this case contends that this Court lacks jurisdiction over this appeal because plaintiff failed to serve defendant with a copy of the claim of appeal within the time for taking an appeal. MCR 7.204 provides in relevant part as follows:

(A) Time Requirements. The time limit for an appeal of right is jurisdictional. See MCR 7.203(A). The provisions of MCR 1.108 regarding computation of time apply. For purposes of subrules (A)(1) and (A)(2), "entry" means the date a judgment or order is signed or the date that data entry of the judgment or order is accomplished in the issuing tribunal's register of actions.

(1) Except where another time is provided by law or court rule, an appeal of right in any civil case must be taken within 21 days. The period runs from the entry of:

(a) the judgment or order appealed from;

(b) an order appointing counsel;

(c) an order denying a request for appointment of counsel in a civil case in which an indigent party is entitled to appointed counsel, if the trial court received the request within the initial 21-day appeal period; or

(d) an order deciding a postjudgment motion for new trial, rehearing, reconsideration, or other relief from the order or judgment appealed, if the motion was filed within the initial 21-day appeal period or within any further time that the trial court has allowed for good cause during that 21-day period.

\* \* \*

(B) Manner of Filing. Except as otherwise provided in MCR 3.993(D)(3) and MCR 6.425(G)(1), to vest the Court of Appeals with jurisdiction in an appeal of right, an appellant must file with the clerk within the time for taking an appeal

(1) the claim of appeal, and

(2) the entry fee.

\* \* \*

(F) Other Requirements. Within the time for taking the appeal, the appellant must also

(1) make any delivery or deposit of money, property, or documents, and do any other act required by the statute authorizing the appeal, and file with the clerk an affidavit or other evidence of compliance;

(2) serve on all other parties in the case and on any other person or officer entitled by rule or law to notice of the appeal a copy of the claim of appeal and a copy of any bond filed under subrule (C)(4).

Unlike MCR 7.204(B)(1), which expressly requires an appellant to timely file the claim of appeal with the clerk "to vest the Court of Appeals with jurisdiction," there is no language in MCR 7.204(F) indicating that the requirement to serve a copy of the claim of appeal on the opposing party within a certain time frame has any impact on this Court's appellate jurisdiction over the appeal. Defendant does not cite any legal authority, beyond its own interpretation of the court rule, to support the proposition that the requirement in MCR 7.204(F)(2) is jurisdictional. Under a previous court rule involving a requirement to serve a copy of the claim of appeal on an opposing party, this Court held that the service requirement was non-jurisdictional. *Michigan Employment Sec Comm v Wayne State Univ*, 66 Mich App 26, 31; 238 NW2d 191 (1975). Defendant does not claim that this Court lacks personal jurisdiction over defendant. This Court has jurisdiction over this appeal.

## III. RES JUDICATA

We now turn to plaintiff's appellate argument that the trial court erred by granting defendant's motion for summary disposition.

## A. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo on appeal. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The trial court granted summary disposition under MCR 2.116(C)(7) based on the doctrine of res judicata. Summary disposition is proper under MCR 2.116(C)(7) if "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . prior judgment . . . ." MCR 2.116(C)(7). "When reviewing a motion for summary disposition under MCR 2.116(C)(7), this Court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Adam v Bell*, 311 Mich App 528, 530; 879 NW2d 879 (2015) (quotation marks and citation omitted). "[T]he application of a legal doctrine, such as res judicata, presents a question of law that we review de novo." *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007).

## B. ANALYSIS

Our Supreme Court has explained the doctrine of res judicata as follows:

The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. This Court has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence,

could have raised but did not. [*Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004) (citation omitted).]

The "doctrine of res judicata is a judicially created doctrine that serves to relieve parties of the cost and aggravation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by preventing inconsistent decisions." *Adam*, 311 Mich App at 531. However, "res judicata is intended to promote fairness, *not lighten the loads of the state court by precluding suits whenever possible.*" *Id*. (quotation marks and citation omitted; emphasis added).

Consideration of the first res judicata element—whether the prior action was adjudicated on the merits—implicates MCR 2.504(B). *Washington*, 478 Mich at 414, 418-419. MCR 2.504(B) provides as follows:

> (1) If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims.

> (2) In an action, claim, or hearing tried without a jury, after the presentation of the plaintiff's evidence, the court, on its own initiative, may dismiss, or the defendant, without waiving the defendant's right to offer evidence if the motion is not granted, may move for dismissal on the ground that on the facts and the law, the plaintiff has no right to relief. The court may then determine the facts and render judgment against the plaintiff, or may decline to render judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in MCR 2.517.

> (3) Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits.

In construing this court rule, our Supreme Court held:

[S]ubrule B(3) plainly states that "a dismissal under this subrule or a dismissal not provided for in this rule . . . operates as an adjudication on the merits." In the absence of any language in an order of dismissal limiting the scope of the merits decided, the court rule plainly provides that the order operates as an adjudication of the entire merits of a plaintiff's claim. The trial court's dismissal of the case was, therefore, an involuntary dismissal under MCR 2.504(B)(1). Moreover, the trial court did *not specify that its order was without prejudice*. Also, the trial court's order in the first action was not "a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205." Consequently, the decision in the first action was an adjudication on the merits . . . . [*Washington*, 478 Mich at 419 (first ellipsis in original; emphasis added).]

Our Supreme Court's reasoning in *Washington* clearly implies that including language in an order indicating that the dismissal is "without prejudice" serves to satisfy the first clause of

MCR 2.504(B)(3) and expresses that the dismissal is not intended to be an adjudication on the merits. In the present case, the trial court indicated in its order dismissing plaintiff's second action that the dismissal was "without prejudice." Therefore, the dismissal did not constitute an adjudication "on the merits." *Washington*, 478 Mich at 419. As a consequence, that dismissal did not serve to bar the present action under the doctrine of res judicata. *Adair*, 470 Mich at 121. The trial court erred as a matter of law by ruling that this action was barred by res judicata. *Washington*, 478 Mich at 417.

The trial court's ruling was solely based on the doctrine of res judicata. Hence, to the extent defendant argues that it was entitled to summary disposition for other reasons, those arguments should be addressed in the first instance by the trial court on remand. In *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 210; 920 NW2d 148 (2018), this Court acknowledged that it could affirm a grant of summary disposition on alternate grounds not considered by the trial court but concluded that it was more appropriate for the trial court to address additional arguments in the first instance on remand when the trial court committed error based on a misapplication of law. The same reasoning applies with equal force in the present case.

Vacated and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction. Plaintiff having prevailed is entitled to costs. MCR 7.219.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Mariam S. Bazzi